The H. & T. C. R'y Co. v. Henry Rider.

(Case No. 1610.)

1. FELLOW-SERVANTS.— When several serve the same employer, work under the same control, derive their authority and compensation from the same common source, and are engaged in the same general business, they are, in contemplation of law, fellow-servants, though their labor may be performed in different departments of the same common service. Following Dallas v. G., Col. & S. F. R'y Co., 61 Tex., 196, and cases there cited.

2. FACT CASE.— See opinion for facts to which the above applies.

3. CHARGE OF COURT.— The charge of the court should always have an application to facts in evidence bearing on issues raised by the pleadings, and should not give the law on a hypothetical case not made by the evidence, for such a charge is calculated to mislead the jury.

4. FELLOW-SERVANTS — SUNDAY.— Persons who are fellow-servants of a railway company do not, in view of the rule which affects the liability of the company to one of them who may be injured by another one, cease to be such because the work on which they were employed at the time of the injury was being done on the Sabbath. The fact that the work was not of that character allowed by law to be done on the Sabbath does not affect the question.

Error from Dallas.　Tried below before the Hon. Geo. N. Aldredge.

The opinion sufficiently states the facts.　The verdict was against the company for $4,000.　It was contended that the injury was inflicted on plaintiff at a time when plaintiff was not actually engaged in service, and when his time was his own, and that it was the result of the negligence of the manager of the train in not giving signals.

*R. De Armand*, for plaintiff in error.

*Crawford & Crawford*, for defendant in error, cited: Baird *v.* Petit, 70 Pa. St. Rep., 477; Packet Co. *v.* McCue, 17 Wall., 508; Wood's Master & S., sec. 404; Thompson on Neg., 1046, sec. 43; 60 Ill., 170; 14 American R., 32; Penal Code, art. 183; McGarth *v.* Merwin, 112 Mass., 467; 17 Am. Rep., 119; 9 Bush, 566; 3 Head (Tenn.), 638.

Stayton, Associate Justice.— The testimony offered for the plaintiff, which is not controverted by any which appears in the record, shows that the plaintiff was in the employment of the railway companay as section hand, and that he and others, in the performance of the duties which such employment embraced, had been engaged in repairing the railway and removing a wreck therefrom, and that after having done this they were returning to the section house at which they usually staid.

From the section house to Miller's Station they had gone towards the wreck on a hand-car, but on reaching Miller's Station they left the hand-car and went to the wreck on some train.　After the work on the wreck was completed they returned to Miller's Station on a construction train, which had orders from the train dispatcher to go into Dallas in advance of the mail train.

On arriving at Miller's Station, the flat car on which plaintiff was traveling was placed on a switch that the men on it might return from that place to the station house on the hand-car on which they came to Miller's Station.　After that was done, the residue of the construction train, which consisted of a locomotive and tender, a caboose and one flat car, ran back towards or to the main track in order to go into Dallas in advance of the mail train, which was near and rapidly approaching.　On seeing this, the engineer on the construction train, probably to avoid a collision, ran his train back on the switch, and in doing so the construction train ran against the car on which the plaintiff was, with such violence as to heavily jar

it, whereby the plaintiff was thrown from the car and seriously injured.

No signal was given by the engineer on the construction train before running his train on the switch the second time.

The evidence shows that the engineer in charge of the construction train was regarded as a skilful and careful engineer, and there is no evidence of any defect in the train.

The duties of the plaintiff, under his employment as a section hand, are thus stated by the foreman of the section on which he was employed: " I was foreman under whom plaintiff worked; he was section hand in my gang at the time of said accident. The duties of a section hand are to work on and repair his section, and in case of a wreck on his section to go and repair it; and in case of a wreck on any other section than his, it is his duty to await orders to assist in repairing the wreck. It is his duty to go and assist. My section hands had no duties or employment connected with the cars by which the injury was occasioned at any time or times. The section hands did not constitute a part of the working force of the train when they were on it. I mean the train which caused the accident. There are different construction trains; the section hands, when on some of them, had to assist, but this train the section hands had nothing to do with. It had its own crew. There were no duties of the section hands on or towards this train, as it had its own crew, but towards such trains, where they did not have sufficient crew, the section hands had to assist in loading and unloading materials, but they had nothing to do with any other work on it."

That under this state of fact, which is not controverted, the plaintiff and those persons engaged in operating the train were fellow-servants, we have no doubt.

This question was fully considered in the case of Dallas v. G., Col. & S. F. R'y Co., 61 Tex., 196, and the authorities bearing on it are therein sufficiently cited.

The fact that the plaintiff may not have been charged with a duty which rendered it incumbent on him actually to assist in the management of the train does not affect the question. All the parties were serving the same master, working under the same control, derived their authority and compensation from the same common source, and were engaged in the same general business, though it may have been in different grades or departments of the same common service. This made them fellow-servants, and the court in a general way so charged.

The charge of the court was evidently disregarded or misunder-

stood by the jury, and their verdict, there being no controversy as to the facts, should have been set aside and a new trial granted on the motion of the defendant.

The court gave the following charge: "If plaintiff received the injury complained of at a time when he was not serving the defendant, but at a time when his service for defendant had ceased, and when he was on his own private business, then he would not be a fellow servant with train-men in the service of the defendant."

Charges should be given with reference to the facts proved. In this case there was no evidence tending to prove that the plaintiff was not in the service of the defendant at the time he was injured, and the petition expressly avers " that he was a section hand in the employ of said defendant," referring to the time he was injured, and to this fact the plaintiff himself testified.

The charge given was not called for by the facts and was calculated to mislead the jury and to cause them to consider an issue not before them.

The injury was inflicted on the 6th of June, 1880, which was Sunday, and until about 12 o'clock of that day the hands, including the plaintiff, were engaged in clearing a wreck and repairing a bridge and the track of the railway, after which they started and traveled on the construction train to " Miller's Station," there to take the hand-car to the "Station House." That this was on Sunday did not change the relation which existed between the engineer on the train and the plaintiff. They were fellow-servants, nevertheless, in view of the rule which affects the question of master's liability, even if the work in which they were engaged was not such as the law permits to be done on that day, which we do not deem it necessary to consider.

The injury evidently resulted from the act of the engineer, and not from the act of the train dispatcher, and it becomes unnecessary to consider the relation of that person to the plaintiff.

For the errors noticed the judgment of the court below will be reversed and the cause remanded, and it is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered October 24, 1884.]