Delivered December 12, 1890.

---

St. Louis, Arkansas & Texas Railway Company v. Corrie Finley.

No. 3037.

**1. Ordinary Care—Negligence—Charge.**—Ordinary care is the care that a person of ordinary prudence would exercise under the same circumstances. The charge, "Ordinary care is that degree of care a person would use under similar circumstances" was erroneous as a definition.

**2. Care by Railway of Passenger.**—The duty of a railway company under its contract to carry a passenger does not terminate until he has alighted from the cars. The duty is to exercise the highest degree of care for his safety.

**3. Same.**—We do not understand it to be a rule of law that a carrier owes to every passenger precisely the same care, without respect to age, sex, or bodily infirmity. The degree of care is the same—that is to say, the greatest care—but what would be sufficient to insure the safety of one person may not be sufficient for others physically less able to take care of themselves.

**4. Verdict Excessive.**—See facts where verdict for $5000 suggested as probably excessive.

APPEAL from Camp. Tried below before Hon. Felix J. McCord.

This is a suit for personal injury, viz., the breaking of appellee's arm in alighting from a train at Belden, the negligence charged by appellee being failure to provide lights at the station and failure to furnish assistance to appellee in alighting from the car, she being a lady traveling alone. Appellee sued for $10,000 actual damages.

Defendant answered by general demurrer and general denial, and by special plea in abatement, setting up the appointment of a receiver for the defendant railway company since the filing of the suit.

Plaintiff excepted to the plea in abatement; exceptions sustained, to which defendant filed bill of exceptions.

Verdict and judgment for $5000 for plaintiff. Defendant appealed.

*Todd & Hudgins,* for appellant.—1. Negligence is a question of fact for the jury, and it is error for the court to define it. Railway v. Murphy, 46 Texas, 357; Railway v. Parker, 50 Texas, 330; Railway v. Miller, 51 Texas, 270.

2. The definition of negligence and ordinary care given by the court is erroneous because indefinite and unintelligible. The court properly, but abstractly, defines negligence as "the want of ordinary care;" but defines "ordinary care" as "that degree of care a person would use under similar circumstances."

3. The defendant railway company was not bound to assist plaintiff in alighting from the train; its duty was performed by announcing the station and stopping the train long enough to afford her an opportunity to alight. Railway v. Williams, 70 Texas, 159; Hurt v. Railway, 7 S. W. Rep. 1; Sevier v. Railway, 18 Am. and Eng. Ry. Cases, 245; Railway v. Kendrick, 40 Miss., 374; Railway v. Kilgore, 32 Pa. St., 294.

4. The evidence shows that plaintiff was guilty of contributory negligence and ought not to recover. Railway v. Leslie, 57 Texas, 83; Railway v. Le Gierse, 51 Texas, 189; Railway v. Able, 59 Ill., 131; Railway v. Duncan, 28 Ind., 441; Lambeth v. Railway, 66 N. C., 494; Lucas v. Railway, 6 Gray, 64; Doss v. Railway, 59 Mo., 37; Hubner v. Railway, 23 La. Ann., 492.

*W. P. McLean,* for appellee, cited Railway v. Rushing, 69 Texas, 307; Stewart v. Railway, 53 Texas, 289; Whitaker's Smith on Neg., 305, 318, and notes; Railway v. Smith, 59 Texas, 406; Railway v. Letcher, 69 Ala., 106; Railway v. Stewart, 57 Texas, 166.

GAINES, ASSOCIATE JUSTICE.—The appellee sued appellant to recover damages for a personal injury suffered by her in alighting as a passenger from appellant's cars.    Plaintiff testified in effect that having taken passage on the train and having reached her destination at a station known as Belden, and the train having stopped, she went to the steps of the car upon which she had been riding for the purpose of getting off.    Her testimony then proceeded as follows:  "When I got on the platform of the car I discovered that there was no light on the outside, and that there was standing on the side track between the passenger train on which I was and the depot where passengers alighted, a long train of box cars, which completely hid the depot building and platform from view.    I saw a man standing on the steps of the car, and from his appearance I took him to be a brakeman.    He wore a cap, but it was too dark for me to see the letters on same, if any were on it.    He said to me, 'It is not the place to get off; the train will move up a little further.'    I went back into the car, and some one remarked to me that I was at the proper place to get off, and that when the train moved off it would not stop.    I went out of the car to get off, but before I got to the steps the train moved slowly, and while so moving I stepped from the steps of the car, and not being able to see the ground on account of the darkness I fell prostrate, and in the fall broke my wrist."    She was the only witness examined in the case.

The court, among other things, charged the jury in effect that if the plaintiff was a passenger on defendant's train, and was injured in getting off by reason of the defendant's negligence in failing "to furnish reasonably safe accommodation for her to alight from the train," they should find a verdict for her unless she was guilty of contributory negligence. Then followed the following instruction:

"Negligence is the want of ordinary care.    Ordinary care is that degree of care a person would use under similar circumstances.    The injury must not be the result of the plaintiff's own contributory negligence.    If she did not use proper care in alighting from the train and was injured thereby, the defendant company would not be liable.    It is a question of fact for you to decide whether the company was negligent or not in not furnishing lights to assist passengers in alighting from the train at night.    It is also a question of fact for you to decide whether it was negligence or not for the plaintiff under the circumstances to alight from the train at night and while the train was in motion, and if you believe it was negligence on her part to leave the train while in motion she can not recover, and you will find for defendant."

It is assigned that so much of the charge as undertakes to define negli-gence and ordinary care is erroneous, both because it is abstract and be-cause it is incorrect as a proposition of law.    The objection that the charge is abstract is not well taken.    Clearness of expression in an instruction is sometimes best attained by using a term which requires a separate defi-nition.    When that is done a definition is not only proper but necessary to a full presentation of the law of the case.    But we think the definition erroneous and misleading.    Ordinary care is the care that a person of or-dinary prudence would exercise under the same circumstances.    It is not clear to us what meaning should be attached to the definition of care given by the court.    The jury probably understood it to mean the care that any person, even one of the slightest circumspection, might exercise under similar circumstances—that is to say, the slightest care.    It is therefore not merely an instruction the deficiency of which should have been sup-plied by a request from the defendant, but it is an erroneous one which was prejudicial to the appellant, and calls for a reversal of the judgment. From the charge the jury may have understood that if she exercised any care whatever she was not precluded of a recovery.

The defendant asked the court to give the following special instruc-tions, which were refused:

"1.    The defendant's contract with plaintiff as a passenger would be terminated and performed upon the arrival of the train at point of desti-nation, if the train stopped a sufficient length of time to afford plaintiff opportunity to alight, and if the station was announced, and it was not the duty of defendant or its employes to render personal assistance to plaintiff in alighting from the train.

"2.    The railway company is not bound by law to any greater or higher duty towards a female passenger than a male one after the train has stopped a reasonable time at the point of destination and the station has been duly announced."

The refusal of each of these instructions is separately assigned as error. We have this day decided in the case of the Texas & Pacific Railway Com-pany v. Miller that the contract of a railroad company with a passenger does not terminate until he has alighted from the cars.    We have nothing to add to the discussion of the question in that opinion.

The first proposition therefore in the first charge requested made it proper for the court to refuse the entire instruction.    But since the con-tract was in force until the plaintiff had alighted, the company owed her the duty of exercising the highest degree of care in enabling her to make the descent in safety.    Whether or not the means provided to enable her to do this was the exercise of due care was a question of fact for the jury. Railway v. Murphy, 46 Texas, 357.  · For a similar reason the second in-struction requested by the defendant was properly refused.

We do not understand it to be a rule of law that a carrier owes to every

passenger precisely the same care, without respect to age, sex, or bodily infirmity. The degree of care is the same—that is to say, the greatest care—but what would be sufficient to insure the safety of one person may not be sufficient for others physically less able to take care of themselves. It is a matter to be determined by a jury.

Upon another trial the questions to be determined will be: Did the company exercise the degree of care incumbent upon it in informing the plaintiff that she had arrived at the place to alight and in providing means to enable her to do so in safety? And if not, would an ordinarily prudent person, under the same circumstances, have attempted to alight as she did?

We need not discuss the question of the excessiveness of the verdict; but in view of another trial, we deem it proper to call attention to the case of International & Great Northern Railway Company v. Hall, decided at the present term, in which it was held that a verdict for damages not largely in excess of the amount accorded in this case, and for a more serious injury, should have been set aside because excessive.

For the error in the charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 12, 1890.