### St. Louis Southwestern Railway Company, of Texas, v. D. E. Rice.

#### No. 590.

1.    **Railway Company—Ordinary Care—Negligence—Charge of Court.**—In an action for injuries received by plaintiff while riding with others on a cupola of a caboose, it was misleading for the charge of court to define "ordinary care," without further definition of that term, or of negligence, as "that degree of care which may be reasonably expected of a person in the situation of the plaintiff at the time the injury was received; and negligence is the absence of ordinary care."

2.    **Same—Riding on Top of Car.**—If the top of the caboose was not constructed for the accommodation of passengers, and it was against the rules of the company to allow passengers to ride there, it was not the duty of the railway company to use ordinary care to so construct and maintain its water tanks as to avoid injuries to a passenger occupying such position on the caboose.

3.    **Same—Passenger Voluntarily Exposing Himself to Obvious Danger.**—The consent of the conductor will not justify a passenger in occupying a place of obvious danger not designed for the use of passengers, and which a man of ordinary prudence would not have occupied, even though, owing to an extraordinary influx of passengers, it be impossible for him to find room inside the car.

Appeal from Smith.    Tried below before Hon. Felix J. McCord.

*Finley, Marsh & Butler* and *S. H. West,* for appellants.—1. The court should have charged the jury, that negligence which would preclude the plaintiff from recovering would be a failure on his part to exercise that degree of care and caution that a reasonably prudent person would have exercised under similar circumstances.    Railway v. Finley, 79 Texas, 85.

2.    If the defendant provided places inside its cars for its passengers, and it was a rule of the company that its passengers must not ride on top of the cars, and plaintiff in violation of the rule did ride on top

of the cars, then under the law he was not entitled to recover. If it was dangerous to ride on top of the cars, and plaintiff negligently took his position on top of the car and was injured thereby, then he was not entitled to recover. It was error for the charge to require both these defenses to exist. Railway v. Hoosey, 41 Am. and Eng. Ry. Cases, 348; 17 Fed. Rep., 685, 686; Pat. Ry. Acc. Law, 283, 284, 288; Railway v. Carrol, 5 Brad. (Ill.), 201; Railway v. Jones, 95 U. S., 439.

3. The court erred in refusing to charge, as requested by defendant, that the consent of the conductor would not excuse or justify the plaintiff in occupying a position on the cupola of the caboose, and defendant would not be liable for any injuries received in consequence thereof, if the position was one that a man of ordinary prudence would not have occupied. Railway v. Clemmons, 55 Texas, 88; Rucker v. Railway, 61 Texas, 499; 41 Am. and Eng. Ry. Cases, 72; 92 Pa. St., 21; Pat. Ry. Acc. Law, p. 282, sec. 272.

*Chilton, McIlwaine & Onion,* for appellee.—1. The definition of ordinary care as contained in the charge of the court, though not in the exact language used by many of the authorities, was plain and intelligible, and perfectly explained to the jury all that the law intended by the term "ordinary care." Railway v. Wells, 81 Texas, 685; Whar. Law of Neg., secs. 26, 29, 31–39, 41, 44, note 2; Pierce on Rys., 310, note 1; 2 Dill. Mun. Corp., sec. 1020, and note; Shearm. & Redf. on Neg., sec. 20; Railway v. Jones, 95 U. S., 439; Railway v. Lockwood, 17 Wall., 357; Richardson v. Kier, 34 Cal., 63; Cayser v. Taylor, 10 Gray, 274; Railway v. Kerr, 25 Md.. 521; Mawry v. Railway, 66 Barb., 43.

2. The error, if any there be, complained of in appellant's tenth assignment, is fully cured in the concluding portion of the charge of the court, viz: "You can not find for plaintiff, if plaintiff was negligent in going upon the top of the car and remaining there until he was injured," etc.

3. If appellee was riding on top the car by invitation or consent of the conductor, and it was not prohibited by statute, and this being the only mode of conveyance offered by defendant, and appellee used ordinary care, he should recover. 11 S. W. Rep., 751; 2 Am. and Eng. Encyc. of Law, 766; 2 Rorer on Rys., 1103, 1104; 79 Ky., 160; 31 Am. and Eng. Ry. Cases, 73; 20 Minn., 125; 98 N. Y., 650; 1 Am. and Eng. Ry. Cases, 79.

4. Whether appellee was guilty of negligence was a question for the jury under all the circumstances of the case. 79 Texas, 532; 59 Texas, 675; 60 Texas, 143; 70 Texas, 553; 69 Texas, 545; 51 Texas, 270, 121; 70 Texas, 113.

RAINEY, ASSOCIATE JUSTICE.—This is a suit brought in the District Court of Smith County against the appellant railway company, for damages on account of personal injuries. The petition alleged as

the cause of action, in substance, that on August 16, 1891, the appel-
lee took passage upon the cars of the railway company at Winona
Camp Ground, in Smith County, for Tyler; that the train was a local
freight train, and when the appellee entered the cars the caboose in
the train was so crowded that there was not sitting or standing room
in the caboose or platforms, and that he, with others, went upon the
top of the caboose, at the invitation of the conductor, and took a seat
upon the cupola of the caboose.    He further charged, that there were
no accommodations for passengers provided, other than the caboose;
that pressing business made it necessary for him to come to Tyler, and
on that account alone he took passage upon top of the cupola of the
caboose; that after the train had proceeded a few miles nightfall came
on, and while it was dark and the train was running at a high, un-
usual, and dangerous rate of speed, his head came suddenly in violent
contact with a heavy iron pipe extending from a water tank, and he
was painfully, seriously, and permanently injured.    It was also alleged,
that the water spout was defective and out of repair; that it should
have been in a perpendicular position by the tank, and some distance
from the track, while it was negligently allowed to hang out over the
track, etc.    The case was tried, resulting in a verdict and judgment
in favor of appellee for $1000, from which this appeal has been per-
fected.

There are several errors assigned as to the admission of certain tes-
timony, over objections of appellant; but they are without merit, and
will not be discussed.

The court defined negligence as follows:    "By ordinary care, is
meant that degree of care which may be reasonably expected of a
person in the situation of the plaintiff at the time the injury was re-
ceived, and negligence is the absence of ordinary care."

This charge is complained of by appellant, and we think justly so.

Under the law, "*ordinary care* is the care that a person of ordinary
prudence would exercise under the same circumstances."    Railway v.
Finley, 79 Texas, 85.    The charge fixes no criterion or measure to
guide the jury in determining what degree of care was necessary to be
used under the circumstances.    From the charge, the jury were un-
able to decide whether the care necessary was such as an ordinarily
prudent person would use under similar circumstances, or whether it
was such as might be reasonably expected of an imprudent or reckless
person.    An imprudent or reckless person would reasonably be ex-
pected to take more risk of injury than one of ordinary prudence.
We think the charge misleading, for it was shown that quite a number
of other persons besides plaintiff were riding upon top of the caboose;
and the jury, under the instructions given, may have readily con-
cluded that the conduct of such parties could be taken as a correct
standard by which to determine the negligence of plaintiff, and whether
such conduct was that of an ordinarily prudent person or not.    The
error is more hurtful, from the fact that the court throughout its

charge used the terms "ordinary care" and "negligence" without further definition than that here complained of.

Appellant's eleventh assignment of error is: "The court erred in that part of its main charge wherein the jury was instructed as follows: 'It was the duty of defendant company to use ordinary care to construct and maintain its water tanks and fixtures so as to avoid injuries to its passengers, and if it fails so to do, and a passenger is injured, they will be liable; if you find that the water tank was properly constructed and properly maintained, and it was thrown out of fix by some person not a servant, agent, or employe of defendant company (that is, by some stranger), then defendant company would not be liable, and you will find for defendant.'"

Appellant's twelfth assignment of error is: "The court erred in its main charge, wherein the jury, among other things, was instructed as follows: 'If, however, you find that plaintiff was not guilty of negligence in going upon the car and riding upon the cupola, and you further find that the conductor knew that the water spout was out of repair before the train arrived at said tank, then defendant can not be relieved on the ground that the spout was thrown out of fix by a stranger, under the rule above given.'"

The first paragraph or section specifying the duty of the railway company as to the construction and maintenance of its water tanks is correct, as an abstract proposition of law, but should not have been given in this case, unless it was shown that the top of the car was prepared by the company for the accommodation of passengers. If the top of the caboose was not constructed for the accommodation of passengers, and if it was against the rules of the company to allow passengers to ride on top of the caboose, they would not be expected to construct their tanks with a view of preventing injuries to passengers, and one so riding on top of a caboose under such circumstances would assume the risk of injury incident to such a position.

The other portion of the charge was not applicable, as there was no evidence tending to show that the conductor knew the spout was not in proper condition.   Railway v. Rider, 62 Texas, 267.

There were various special charges asked by appellant and refused by the court.   We will not attempt to discuss all of them separately; but think it sufficient to specially call attention to only two of them, the discussion of which, however, will convey our views of the law governing the case.   The first charge is:

"If you believe from the evidence that plaintiff, before the train pulled out from the camp ground, voluntarily took a place upon top of the cupola of the car, and that the place so occupied by him was not one allotted to or provided for the carriage of passengers, and that the place so occupied by him was one of obvious danger, and that by so occupying said place he was injured, then you will return a verdict for the defendant, and this though you may believe from the evidence that

owing to the extraordinary influx of passengers at the camp ground it was impossible for plaintiff to find room in the car."

The second is: "That the consent of the conductor would not excuse or justify the plaintiff in occupying a position on the cupola of the caboose, and defendant would not be liable for any injuries received in consequence thereof, if the position was one that a man of ordinary prudence would not have occupied."

While the court instructed the jury that plaintiff could not recover if he "was negligent in going upon the top of the car and remaining there until he was injured, and his negligence was the proximate cause of the injury," there was no application of the law in the general charge to the facts, as is embraced in the special charges asked.

Appellee's excuse for riding on top of the car is that the car was crowded, and there was not room on the inside. The evidence is conflicting on this point; but if true, it is no defense, if the top of the car was a place of danger, and not allotted by the carrier for the use of passengers, and plaintiff's injury would not have resulted had he not been on top of the cupola. There not being room in the caboose would not justify plaintiff in assuming a position of obvious danger, nor would the consent of the conductor relieve him from using that degree of care that would have been exercised by a person of ordinary prudence under similar circumstances. Some of the evidence showed that there was room in some of the cars sufficient to accommodate the plaintiff.

The following quotation from the foot notes to the case of Waterbury v. Railway, 17 Federal Reporter, 685, expresses our views as to the correct rule in cases like this:

"If a passenger, even at a time when many of the cars are crowded in consequence of an extraordinary influx of passengers, voluntarily remain on the platform at a time when he might, by the exercise of reasonable diligence and exertion, find room within some of the cars of the train, and in consequence of being so upon the platform, is thrown or pushed off by the ordinary movements of the train, whereby he sustains injury, he can not recover damages from the company; and this is so, although he may not have actually known that there was any room for him in any of the cars, provided the circumstance were such that he might have discovered this by reasonable observation and effort."

The case of Railway v. Boyd, 6 Texas Civil Appeals, 205, rendered by this court, is one where a passenger was riding on the engine instead of in the coach. There was a wreck, in which the party on the engine was injured. In that case the decision of our Supreme Court, as well as some of other jurisdictions, are reviewed, and this court in effect held, that when a passenger voluntarily takes a more hazardous place upon the train to ride than was provided by the carrier for passengers, and such hazard was known, or might have been known by the use of

ordinary care, he thereby assumes the risk of the increased danger of such position.

In the case of Hickey v. Railway, 14 Allen, 431, the court uses the following language: "If sufficient and suitable provisions be made within the cars for all passengers, the managers of the train are not under obligations to restrict them to the proper place, nor to prevent them from acts of imprudence. If they voluntarily take exposed positions, with no occasion therefor nor inducement thereto caused by the managers of the road, except the bare license of noninterference or express permission of the conductor, they take the special risks of that position upon themselves."

For the failure of the court to give the law of the case applicable to the facts, as indicated in the foregoing, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 9, 1895.