The appellant, as plaintiff below, brought suit against appellee, Gulf, Colorado Santa Fe Railway Company, as a common carrier of passengers, for personal injuries alleged to have been sustained by his wife, Sophia Gary, while she was a passenger on appellee's railroad. Plaintiff alleged substantially, that his wife was on her way from Kaufman, Texas, to Merit, Hunt County, Texas, by way of Dallas, and that upon reaching Dallas she bought a ticket over defendant's line of railway from Dallas to Merit, and boarded a train on said railway, which she supposed would take her to Merit. That after *Page 130 
the train had moved out and been running some minutes, the conductor came around to take up tickets; that he took Mrs. Gary's ticket and kept it, and told her she was on the wrong train, and that she would have to get off. That the conductor pulled the bell cord and had the train stopped, and then picked up her valise and called out to her to come quick; she followed with her babe in her arms, and as she was about to jump or get off the train, the train started with a jerk, throwing her off on the ground. That in her fall she sprained her ankle, badly bruised her hips; that she was barely able to walk. Her injuries were alleged to be permanent.
The facts were reiterated in a count for punitory damages, it being alleged in said count that the railroad company was guilty of gross negligence and violence in putting plaintiff's wife off the train. Plaintiff prayed for judgment for $5600, actual, and $5000 punitory damages.
Defendant railroad company pleaded a general denial, and contributory negligence on the part of Mrs. Gary. There was a trial, and verdict and judgment for plaintiff for $1.35, the amount paid by Mrs. Gary for her ticket from Dallas to Merit. Plaintiff filed a motion for new trial, which being overruled, he excepted and gave notice of appeal, and has prosecuted his appeal to this court.
Appellant presents but two assignments of error, and but two propositions, for the consideration of this court. In his first assignment of error, appellant complains of the ruling of the court in refusing to permit him to prove by his wife, "That all of the defendant's trains back into the depot at Dallas on a Y from the main track, and all were headed in the same direction — south; that at the time Mrs. Gary boarded defendant's train, there were no signboards of any kind displayed on its platform to inform passengers whether its trains were going north or south; and that no employe of defendant called out which way trains were going."
The statutes of Texas do not impose the duty upon railroads to display upon their platforms signs showing which way its trains are going, nor require them to have an employe call out the direction the train is going. The evidence of Mrs. Gary was to the effect, that she started to get on one of defendant's trains about half-past 3 o'clock, but was told by a man (she did not know who he was) that she was getting on the wrong train. She then went back and waited until the next train came in. She further testified, that the man who told her she was getting on the wrong train traveled with her from Kaufman to Dallas over the Texas Trunk road that morning. Had she taken the first train, as she started to do, there would have been no mistake. She did not make any inquiry of defendant's agents as to which train to take.
The pleadings and evidence do not allege or show any direct damage to Mrs. Gary in her getting on the wrong train. The pleading is that she was injured by defendant not using proper care in putting her off the train and in selecting a proper place to put her off. The evidence was irrelevant, and too remote to support the claim for damages resulting *Page 131 
from defendant's failure to use proper care in putting Mrs. Gary off the train. The trial court did not err in excluding this evidence.
Appellant's second assignment of error complains of the charge of the court as to the degree of care the defendant should have used in putting Mrs. Gary off its train. The court charged the jury, that "if the servants of defendant, in putting Mrs. Gary off the train, used such care in selecting a reasonable place therefor, and in stopping the train and assisting her off, as a person of ordinary prudence would have done under similar conditions, if engaged in the same business, then you will find for defendant on this claim."
It is insisted by appellant that the relation of passenger and carrier existed between Mrs. Gary and the railroad company, and that, this being true, the above charge of the court as to the degree of care which the railroad company owed Mrs. Gary did not lay down the correct rule.
Appellant requested the court to instruct the jury that the degree of care imposed by the law upon the defendant was "such degree of care as would be expected by a very cautious and prudent person." The court refused this charge.
The first question to be determined is, was Mrs. Gary a passenger on defendant's train, or a trespasser? She held a ticket over defendant's railroad from Dallas to Merit, her place of destination. She entered upon the train believing it was the train which would take her to her destination. Her mistake was an honest one. After the train had moved off some distance, the conductor called on the passengers for their tickets. Mrs. Gary exhibited her ticket. She was told she was on the wrong train, and that she must get off.
The above facts show that Mrs. Gary was a passenger. She was not a trespasser. In the case of Railway v. Gilbert, 64 Tex. 540
[64 Tex. 540], Chief Justice Willie, speaking for the court, says: "It is a principle too well settled to require further elucidation that a person who by mistake gets on a passenger train other than the one upon which he intended to take passage, is, nevertheless, a passenger upon the train he is on, and the relation of passenger and carrier exists between him and the company."
It then being shown that the relation of passenger and carrier existed between Mrs. Gary and the railroad company, what degree of care did the company owe her?
In the case of Railway v. Halloren, 53 Tex. 53, the Supreme Court lays down the following rule: "Railroad companies, however, are not insurers of the safety of their passengers further than could be required by the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances."
This rule of the liability of a carrier to a passenger is commented upon and approved by our Supreme Court, and much authority cited to sustain the same, in the case of Railway v. Welch, 86 Tex. 204. In that case Judge Brown, speaking for the court, says: "The law does not *Page 132 
require everything to be done which might be foreseen, but only such as might appear to be necessary, having that care for the safety of the passengers that a very prudent man would have, and to exercise that high degree of care that such a man would exercise under the same circumstances."
The charge of the court below did not lay down the correct rule of the liability of a carrier to a passenger. What a person of ordinary prudence would have done under similar circumstances, is not the correct rule. The correct rule, we think, was embraced in the special charge asked by appellant; that is, such high degree of care as would be used by very cautious, prudent, and competent persons under similar circumstances.
This error in the charge is a material error. There was testimony by Mrs. Gary tending to show that the train was in motion when she was put off; that she had her baby in her arms, and she jumped to save her baby and fell to her knees, spraining her ankle and injuring her hip. There is also evidence tending to show that some of her injuries are permanent.
Because of this error, the judgment is reversed and the cause remanded.
Reversed and remanded.