PECOS & NORTHERN TEXAS RAILWAY COMPANY v. R. H. REVELEY.

Decided October 13, 1900.

**Ordinary Care—Definition in Charge of Court.**

In an action for negligent personal injury, where the defendant railway company had pleaded contributory negligence on the part of plaintiff, it was error to charge that "ordinary care is that degree of care which may be reasonably expected of a person in the situation of plaintiff at the time the injury was received," since ordinary care is that care which ordinarily prudent persons would exercise under the same or similar circumstances.

APPEAL from Potter. Tried below before Hon. H. H. WALLACE.

*Browning & Madden* and *A. C. Campbell,* for appellant.

*Plemons & Veale,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover damages for personal injuries alleged to have been sustained on May 16, 1899, by falling into a pit or excavation which had been dug and left exposed on appellant's right of way in the town of Amarillo, Texas. The appellant pleaded contributory negligence. The case was tried by a jury and verdict was rendered in favor of appellee for $15,000, and from the judgment entered thereon this appeal is taken.

It was alleged by the appellee, and the evidence tended to prove, that the pit was dug in a common highway which had long been used by the

public in going to and returning from appellant's passenger station and depot, on its right of way; and the contributory negligence alleged against appellee consisted in his knowledge of the fact that the pit was there, and with two safe ways which he might have traveled from his hotel to the station, he chose an untraveled way in the dark, with full knowledge of the danger, and without proper care for his own safety fell into the pit. The evidence was quite conflicting on both of these issues.

Demurrers to the petition specially pointing out that it was not alleged that the right of way where the pit was dug was used by the public by permission of the appellant, or by its invitation, knowledge and consent, were overruled, and error is assigned on the ruling. We are inclined to think that some such fact ought to be alleged, but, as we find ourselves compelled to reverse the judgment upon another ground, we will express no authoritative opinion on this issue, leaving the parties to amend on another trial if they desire to do so.

On the trial the court instructed the jury as follows:

"Ordinary care is that degree of care which may be reasonably expected of a person in the situation of the plaintiff at the time the injury was received; and ordinary negligence is the want of such care and diligence as reasonable and prudent men generally, in regard to the subject matter of the injury, under such circumstances as those under consideration, would lead them to endeavor to prevent the injury complained of."

It is objected that the definition of ordinary care as here given is incorrect, and also that the definition of negligence is ambiguous and misleading. The error is not elsewhere in the charge cured, and these objections, we think, are both well taken.

In the case of Railway v. Gormley, 91 Texas, 399, ordinary care was defined in substantially the same language as used in this case, when Justice Brown, in condemning it, said: "The seventh paragraph gives the only definition of ordinary care that is to be found in the charge of the court. If intended to apply to the defendant, it was erroneous in making the conduct to be expected of the deceased the standard, leaving each juror to determine what might be reasonably expected of the injured party."

In Railway v. Findley, 79 Texas, 88, Justice Gaines, in condemning a similar charge, said: "But we think the definition erroneous and misleading. Ordinary care is the care that a person of ordinary prudence would exercise under the same circumstances. It is not clear to us what meaning should be attached to the definition of care given by the court. The jury probably understood it to mean the care that any person, even of the slightest circumspection, might exercise under similar circumstances, that is to say, slightest care. It is therefore not merely an instruction the deficiency of which should have been supplied by request from the defendant, but it is an erroneous one, which was prejudicial to the appellant, and cause for a reversal of the judgment. From the charge the jury may have understood that if she (plaintiff) exercised any care whatever, she was not precluded of a recovery." See,

also, Railway v. Rice, 29 S. W. Rep., 525; Railway v. Wiley, 26 S. W. Rep., 85; Railway v. Nesbit, 38 S. W. Rep., 243.

From these authorities, and others, the correct definition would be: Ordinary care is that care which ordinarily prudent persons would exercise under the same, or similar, circumstances.

The serious objection to the definition of negligence is its ambiguity. There are evidently some words left out of it which were intended, and were necessary, to give it any clear meaning. It is not a plain statement of the law arising upon the facts, and we think was misleading, at all events confusing, to the jury.

For these errors the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*