HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. V. G. A. KEELING.

Decided June 18, 1908.

**1.—Negligence—Duty Dependant on Relation of Parties.**

A railroad mail clerk was injured by the movement of the train while he was alighting therefrom at its destination. Held that another road, to which he did not sustain the relation of passenger, was not liable for the negligence of its employe, present with a truck to receive the mail for its trains, in failing to warn plaintiff of the coming movement of the train from which he was alighting. No duty with respect to plaintiff's protection from such injury rested on that company.

**2.—Carrier of Passengers—Degree of Care.**

The expression "a high degree of care," in defining the duty of a carrier to its passengers, was indefinite and lacking in proper limitation; and the requirement of "the utmost care" was erroneous. The demand is, the care which a very prudent, cautious and competent person would use under the same circumstances.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Ammerman.

*Baker, Botts, Parker & Garwood,* for Missouri, K. & T. Ry. Co. of Texas.

*Lane, Jackson, Kelley & Wolters,* for Houston & T. C. R. Co.—The degree of care which the defendants, their agents and employes owed the appellee, if any, is not correctly defined by the use of the words, "a high degree of care." On the contrary, the degree of care which the M. K. & T. owed the defendant, if any, is properly defined as ordinary care, while that due from the H. & T. C. Railroad Company, if any, is properly defined as that which very cautious persons generally, in their line of business, are accustomed to use under similar circumstances. Railroad v. Halloren, 53 Texas, 53; Fordyce v. Withers, 1 Texas Civ. App., 544; Houston & T. C. Ry. Co. v. Dotson, 15 Texas Civ. App., 73; International & G. N. Ry. Co. v. Welch, 86 Texas, 203; Texas & P. Ry. Co. v. Miller, 79 Texas, 78, 82.

The court erred in refusing to give special charge No. 1, requested by this defendant, which is as follows: "The plaintiff having failed to make out a case against the M., K. & T. Ry. Co. of Texas, you will return your verdict in favor of said company." This charge should have been given because the evidence wholly fails to disclose any negligence on the part of the servants or agents of the defendant M. K. & T. Railway Company of Texas. Texas & P. Ry. Co. v. Miller, 79 Texas, 78, 82; Thompson on Carr. of Pass., 209.

*F. F. & E. T. Chew* and *Mark G. Fakes,* for appellee.—The charge of the court was correct in defining the degree of care due the plaintiff. Gallagher v. Bowie, 66 Texas, 266; Hamilton v. Texas & P. Ry. Co., 64 Texas, 254.

Under the pleadings and evidence the court's definition of negligence was favorable to both defendants. Gulf, C. & S. F. Ry. v. McWhirty, 77 Texas, 360; Galveston City Ry. Co. v. Hewitt, 67 Texas, 478.

The facts of this case show that at the place where the plaintiff was injured was used as a joint depot of both of the defendants. And being a joint depot both of the defendants would owe the plaintiff the highest degree of care to prevent his injury. The trial court did not err in so instructing the jury. The following cases seem to decide this question: Chicago, R. I. & T. Ry. v. Rhodes, 35 Texas Civ. App., 432-3; San Antonio & A. P. Ry. Co. v. Turney, 33 Texas Civ. App., 627; Texas & P. Ry. Co. v. Dick, 26 Texas Civ. App., 256; Houston & T. C. Ry. Co. v. Batchler, 32 Texas Civ. App., 14, 15, 18.

LEVY, ASSOCIATE JUSTICE.—By his petition appellee sought to recover damages against the Houston & Texas Central Railroad Company and the Missouri, Kansas & Texas Railway Company of Texas for an alleged injury claimed to have been received by him while attempting to alight from the mail coach of a Houston & Texas Central Railway Company's passenger train at Denison, Texas, having made the run as a railway mail clerk. In accordance with the verdict of a jury a judgment

was rendered in favor of the appellee jointly against each appellant company.

Each appellant has filed separate assignments of error, and the same will be here disposed of separately.

The appellant, the Missouri, Kansas & Texas Railway Company of Texas, in its seventh assignment of error, complains of the refusal of the court to give a peremptory instruction to the jury to return a verdict in its favor. Looking to the petition and the evidence in the record, we are of the opinion that this contention should be sustained. There is no evidence in the record to show that the appellee occupied the position of a passenger, or that that relation had in anywise attached with reference to the M. K. & T. Railway Company of Texas. He was not on any of this appellant's trains, nor was he about this appellant's trains, but his own testimony shows that he was on the H. & T. C. Railroad Company's train and was attempting to alight from this train at the time he received his alleged injuries, and that it was while thus attempting to alight that he claims to have been injured. It is not shown in the evidence that any of the employes of the M. K. & T. Railway Company of Texas had anything to do with this train. While Hubbard, the man who was handling the truck on which appellee had unloaded the mail, was an employe of the M. K. & T. Railroad, yet it is not shown that he had any control or charge of this H. & T. C. train in any way, or that he had any duty to perform. The allegation in the petition was that this employe, Hubbard, was negligent in failing to warn the appellee that the H. & T. C. train was about to move forward. Under this allegation and the evidence the judgment could not be sustained against the M. K. & T. Railway Company. Because the evidence fails to show any act of omission by any servant of the M. K. & T. Railway Company of Texas involving any breach of duty, or any negligence, for which it was liable to appellee, the case as to this appellant is reversed and here rendered in its favor with all costs of the court below and this court.

The appellant, the Houston & Texas Central Railroad Company, in its second, fourth and sixth assignments of error complains of the instructions given the jury. The court in explaining to the jury the degree of care which the appellant and its employes owed the appellee at the time, stated: "In the discharge of his duty he had no control or management of said train, and the defendants, their agents and employes owed him a high degree of care to prevent his injury in the operation of said train. A failure to use this high degree of care in the operation of said train, so as to prevent injury to plaintiff, would be negligence." In the succeeding paragraph, in applying the facts, the charge stated: "And if you find that the moving of said train was negligence as hereinbefore defined, you will find for the plaintiff." At the request of the appellee the following special instruction was given to the jury: "You are further charged that as said mail clerk he stood in the position of passenger while traveling as said clerk on and over said defendant road, and the said defendant owed him the duty of using the utmost care for his safety and protection while he was so traveling as said clerk over said road as looking to his safety and protection."

Until the passenger has alighted from the car the railroad company is

bound to exercise, to the end of promoting his safety, the highest degree of care. St. Louis, A. & T. Ry. v. Finley, 79 Texas, 85. The expression, "a high degree of care," however, does not correctly express the rule. The essential part of the definition is omitted. To use the expression "the highest degree of care" as a formulated rule in instructing the jury, it would be lacking in definiteness and the proper limitation. By reason of its indefiniteness it might mean one thing to one juror and quite a different thing to another juror. To give clearness and definiteness, as well as the proper limitation, this degree of care has been described as the care "which a very cautious, prudent and competent person would exercise under the same circumstances." Houston & T. C. Ry. v. Dotson, 15 Texas Civ. App., 73; International & G. N. Ry. v. Halloren, 53 Texas, 46; Gary v. Gulf, C. & S. F. Ry., 42 S. W., 576; Fordyce v. Withers, 1 Texas Civ. App., 544. Because such instruction as given was misleading it constitutes reversible error. International & G. N. Ry. v. Welch, 86 Texas, 203. That the special instruction requiring "utmost care" was erroneous, see Ry. v. Welch, *supra.*

The other errors assigned are not here considered because not likely to occur upon another trial.

The case was ordered reversed and rendered as to the appellant, the M. K. & T. Railway Company of Texas, and reversed and remanded for another trial as to the H. & T. C. Railroad Company.

*Reversed and rendered in favor of defendant M., K. & T. Ry. Co. of Texas. Reversed and remanded as to Houston & T. C. R. Co.*

Note.—Compare Houston & T. C. R. Co. v. Keeling, 102 Texas, 521, decided by the Supreme Court on certified questions. Appellee's motion for rehearing was thereafter overruled October 14, 1909, the evidence being held insufficient to sustain a recovery by him against the Houston & T. C. Ry. Co.