WELLS FARGO & CO. EXPRESS v. GENTRY.

(Court of Civil Appeals of Texas. San Antonio. Feb. 26, 1913.)

1. CARRIERS (§ 133*)—DAMAGES TO SHIPMENT —EVIDENCE—OTHER SHIPMENTS.

In an action against an express company for damage to fish shipped, evidence that other shipments made on the same day to a different destination from the same batch of fish were received and paid for without complaint was not admissible, at least in absence of a showing that all of the fish shipped that day were prepared for shipment in the same manner.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606; Dec. Dig. § 133.*]

2. EVIDENCE (§ 99*) — RELEVANCY — "RELEVANT."

The meaning of the word "relevant," as applied to evidence, is that which directly relates to the issue made by the pleadings.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 123, 137–143; Dec. Dig. § 99.*

For other definitions, see Words and Phrases, vol. 7, p. 6062.]

3. EVIDENCE (§ 121*)—RES GESTÆ—HEARSAY.

In an action against an express company for damages to fish shipped, evidence that while witness and another were re-icing fish at a railroad station such other removed the top from the fish barrels, and said, "The fish don't need any ice," was not admissible as res gestæ, being hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338, 1117, 1119; Dec. Dig. § 121.*]

4. CARRIERS (§ 133*) — DAMAGES TO SHIPMENT—EVIDENCE.

Where it appeared in an action against an express company for damages to a shipment of fish that the fish shown to witness was

of the same batch of fish as those shipped, evidence of such witness as to the condition of the fish at a certain time was admissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606; Dec. Dig. § 133.*].

5. TRIAL (§ 252*)—ABSTRACT INSTRUCTIONS.

In an action against an express company for loss of freight, it was error to charge that the law required the express company to transport to destination within a reasonable time, where the undisputed evidence showed that the shipment was transported within the best possible time.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

6. TRIAL (§ 195*) — INSTRUCTIONS — PREPONDERANCE OF EVIDENCE.

An instruction that the burden of proof is upon plaintiff to establish by a preponderance of the evidence the facts necessary to entitle him to recover, but this does not mean that he is required to introduce a greater number of witnesses than defendant, but only upon consideration of the evidence introduced by both parties it must appear more probable that the truth upon the essential facts is with him more than with defendant, was erroneous as being upon the weight of the evidence; there being six witnesses for plaintiff and eleven for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 455; Dec. Dig. § 195.*]

Appeal from Aransas County Court; F. Stevens, Judge.

Action by N. B. Gentry against the Wells Fargo & Co. Express. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, E. Gordon Gibson, of Rockport, and Kleberg & Stayton, of Kingsville, for appellant. John B. Eddins, of Rockport, and Wm. H. Russell, of San Antonio, for appellee.

TALIAFERRO, J. This case originated in the justice's court and reaches this court from a judgment of the county court of Aransas county upon appeal. The appellee, N. B. Gentry, sued the appellant, the Wells Fargo & Co. Express, for $160 damages suffered by reason of the loss of a shipment of fish from Rockport to Port Lavaca, Tex., through the negligence of appellant, and for the further recovery of $17.50, express charges paid on said fish. The trial was before a jury and resulted in a verdict and judgment for appellee for $160 damages, and $17.50 express charges.

[1] Appellant's first assignment of error is directed at the action of the court in permitting appellee to testify that, upon the same day he made the above shipment to Port Lavaca, he also made shipments of fish from the same batch to San Antonio, Tex., and De Queen, Ark., and that two days later he made a shipment to El Paso from the same batch of fish, and that all said shipments were received and paid for without complaint by the consignees. The objection was that such evidence was irrelevant and immaterial to the issues in this case, and it

is well taken. The purpose of evidence is to make clear the truth of the very point in issue.

[2] "Facts in issue are those facts upon the truth or existence of which the right or liability to be ascertained in the proceeding depends, and facts relevant to the issue are facts from the existence of which inferences as to the truth or existence of the facts in issue may justly be drawn. The meaning of the word 'relevant,' as applied to testimony, is that it directly touches upon the issue which the parties have made by their pleadings, so as to assist in getting at the truth of it." San Antonio Traction Co. v. Higdon, 123 S. W. 734. By what process of reasoning can it be inferred that 2,000 pounds of fish shipped from Rockport to Port Lavaca on January 12, 1911, were fresh and sound, and shipped in good order, and properly packed, from the fact that about the same time appellee made two or three other shipments of fish to other places which were received and paid for by the consignee? Especially since the evidence makes no effort to show how the last-named shipments were packed and prepared for shipment or what precautions were taken by the shipper to preserve them in transit. S. A. Traction Co. v. Higdon, 123 S. W. 734; Dunn v. Newberry, 86 S. W. 626; Haynes v. Plano Mfg. Co., 36 Tex. Civ. App. 567, 82 S. W. 532. It is immaterial whether the purpose of this evidence is to show the condition of the fish when delivered to appellant at Rockport, or to make a comparison of their condition when delivered to the consignees at destination. This action is to recover for damage to the fish in transit, and, without showing that all the fish shipped on that day were packed and prepared for shipment in the same manner, evidence of such other shipments is immaterial.

[3] The court did not err, as urged by appellant, in refusing to permit F. E. Sumrow to testify that while he and Ed. De Loach were re-icing the fish at Beeville, a station on the railroad where the shipment was delayed between trains, De Loach got on the truck to take the top off the barrels, and immediately exclaimed, "The fish don't need any ice!" Appellant contends that this exclamation of De Loach should have been admitted as a part of the res gestæ. It was not res gestæ, but hearsay, and properly excluded. The second assignment of error is overruled.

[4] We cannot say that the court erred in admitting the evidence of D. R. Scrivner as to the condition of fish seen at the fish house of appellee on January 14th. Appellee testified that the fish shown to Scrivner were from the same "batch" as those shipped to Port Lavaca. It is true he testified that he did not know whether they were all caught at the same time, but the only inference deducible from his testimony is that all the fish in this "batch" were received on the same day and bought by him at about the same time. In the state of the evidence upon this point the testimony was not improperly admitted, and the third assignment is overruled.

[5] Appellant's fourth assignment must be sustained. Therein it is asserted that the court erred in charging the jury that the law required the defendant express company to transport goods to destination within a reasonable time, because the undisputed evidence revealed the fact that the express company did transport the fish within a reasonable time. It is asserted in the briefs of both appellant and appellee that "the route taken was the shortest and the time made, the best," therefore no issue was made upon appellant's legal duty to transport expeditiously. It is error to present in the charge to the jury an abstract proposition of law upon which there is no evidence. Such a charge is likely to cause the jury to believe that in the opinion of the court such a question has been raised by the evidence. As said by Judge Henry in Denham v. Trinity Co. Lumber Co., 73 Tex. 82, 11 S. W. 152: "The rule which forbids the judge to charge upon the weight of the evidence does not require or authorize him to assume as doubtful that which is clear and undisputed." Davis v. Kuehn, 119 S. W. 119; Blanton v. Mayes, 58 Tex. 422; Railway v. Rider, 62 Tex. 267.

[6] The fifth assignment of error is also well taken. The court charged the jury as follows: "The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the facts necessary to entitle him to recover; but this does not mean that the plaintiff is required to introduce a greater number of witnesses than the defendant, but only upon consideration of the evidence introduced by both parties it must appear to you more probable that the truth upon the necessary facts to a recovery is with him more than the defendant." There were six witnesses for appellee and eleven for appellant. This charge was clearly improper as being upon the weight of the evidence. Dallas Co. v. Ashley, 63 S. W. 160; Railway v. Smith, 63 S. W. 1064; Railway v. Harrington, 44 Tex. Civ. App. 386, 98 S. W. 653.

There is no merit in appellant's sixth and seventh assignments of error, and they are overruled.

For the errors indicated above, the judgment of the lower court is reversed, and this cause is remanded for a new trial.