**SULLIVAN & DAVIS v. GAUNA.** (No. 418.)

Court of Civil Appeals of Texas. Eastland.
March 23, 1928.

Rehearing Denied April 20, 1928.

1. Master and servant ⬅️293(2)—Definition of "ordinary care," failing to include conduct of man of ordinary prudence, held erroneous.

In employee's action for injuries, definition of "ordinary care" as "that degree of care, prudence, and diligence which may properly be expected or required, having regard to the nature of the action and surrounding circumstances," *held* erroneous as failing to include the conduct of a man of ordinary prudence, thus leaving to each juror to measure the conduct of defendants by his own individual standard.

2. Appeal and error ⬅️216(3)—Where charge is erroneous, appellants need not request special charge to preserve point on appeal.

Where charge defining "ordinary care" was erroneous, it was not necessary for the appellants to request a special charge thereon, in order to preserve a point on appeal.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ⚙══1064(1)—Erroneous definition of "ordinary care," in employee's action for injuries against non-subscribing employer, held not harmless because defense of assumed risk, was not available (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).**

In action by employee for injuries, employer being nonsubscriber to the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts, 8306–8309), erroneous definition of "ordinary care" cannot be *held*, harmless on ground that by ordering employee to work in a dangerous place employer was conclusively presumed negligent, and that employee's act in obeying such order could not be taken into consideration in determining employer's negligence because latter, as a nonsubscriber, cannot avail itself of defense of assumed risk.

Appeal from District Court, Taylor County; M. S. Long, Judge. .

Action by. Y. Gauna against Sullivan & Davis. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Cox & Hayden. of Abilene, and Wood & Wood, of Granger, for appellants.

Louis S. Wise and Davidson & Hickman, all of Abilene, for appellee.

HICKMAN, C. J. This was a personal injury suit filed by appellee, a day laborer against the appellants, who were eligible to subscribe to the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), but were nonsubscribers thereto. Appellants by contract were doing the excavation work for the foundation and basement of a hotel building in the city of Abilene. Appellee was injured by being buried, or partially buried, by the caving in of dirt upon him while he was digging at the bottom of the excavation about 20 or 25 feet below the surface of the ground. The jury upon special issues found appellants guilty of negligence in four particulars, namely: (1) By failing to provide appellee a reasonably safe place in which to work, in that they failed to brace or prop the embankment or wall of the excavation; (2) by the act of their foreman, L. M. Fowler, in ordering the appellee to perform work at the place where the embankment fell; (3) by the failure of the said foreman to warn appellee that it would be dangerous for him to work near the embankment which fell upon him; and (4) by failing to brace or prop the embankment which fell upon appellee. Each of these grounds of negligence was found, in answer to special issues, to be the proximate cause of appellee's injury, and the damages were placed at $1,500.

In the court's main charge to the jury, "negligence" is defined as follows:

"Negligence is the failure to do that which a person of ordinary care would do under the same or similar circumstances."

Appellants objected to this definition on the ground that same was incomplete in that it omitted and did not include any act or acts, but was based entirely upon inaction or failure to act. We have determined that the case must be remanded for another trial, and, in view thereof, suggest that upon another trial the uniformly approved definition of "negligence" be given.

[1] No definition of "ordinary care," as used by the court in its definition of "negligence," was contained in the main charge, but, by a special charge requested by appellee, that term was defined as follows:

"By 'ordinary care' is meant that degree of care, protection, and diligence which may properly be expected or required, having regard to the nature of the action and surrounding circumstances."

Various objections were made to this definition, among them being that it did not fix a proper criterion or measure in determining what degree of care was required under the circumstances, but left each juror to determine what might be expected or required of defendants. These exceptions should have been sustained. The purpose of the definition was to give the jury a standard by which to measure the conduct of the appellants. The standard fixed by law .is the conduct of the man of ordinary prudence. By failing to include in the definition this standard, each juror was. left to measure the conduct of appellants by his own individual standard. Definitions almost identical with the one given in this case have been condemned in the following cases: St. Louis, etc., Ry. Co. v. Finley, 79 Tex. 88, 15 S. W. 266; Galveston, etc., Ry. Co. v. Gormley, 91 Tex. 399, 43 S. W. 877, 66 Am. St. Rep. 894; St. Louis, etc., Ry. Co. v. Rice, 9 Tex. Civ. App. 509, 29 S. W. 525; Paris, etc., Ry. Co. v. Nesbitt (Tex. Civ. App.) 38 S. W. 243; Pecos, etc., Ry. Co. v. Reveley, 24 Tex. Civ. App. 293, 58 S. W. 845; Cameron Compress Co. v. Whittington (Tex. Com. App.) 280 S. W. 528.

[2] It is contended that the question was not properly presented to this court, because appellants tendered no proper definitions in lieu of the one given. This duty did not rest upon appellants. The charge being erroneous, it was not necessary for the appellants to request a special charge thereon in order to preserve the point on appeal. G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Wichita Valley Ry. Co. v. Williams, 116 Tex. 253, 288 S. W. 425; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

[3] It remains to determine whether the erroneous definition of "ordinary care" was harmless error. Appellee contends that, the jury having found that appellants' foreman ordered appellee to perform the work at the

place where the embankment fell, and the undisputed evidence being that the place to which said foreman ordered appellee was a dangerous place and known by said foreman to be a dangerous place for appellee to work, his act in ordering appellee to work there, within itself, constituted negligence, and, the jury having found that said negligence was the proximate cause of the injury, any error in the court's definition of "ordinary care" would be harmless. The argument seems to be based upon the assumption that reasonable minds could not differ on the question of whether it is negligence to order an employee to perform work in a place known to be dangerous, and upon the further assumption that, since the defense of assumed risk was not available to appellants, who, though eligible to do so, had not subscribed to the Workmen's Compensation Act, appellee's act in obeying such an order should not be taken into consideration in determining the negligence of appellants. We cannot adopt this view of the law. Negligence in actions of this kind is essentially a question of fact. The determination that an employer ordered an employee to work in a dangerous place is not a determination of negligence. Another step must be taken, and it must be determined whether an ordinarily prudent man in the position of the employer would have so ordered the employee under all the facts and circumstances. If so, then the act of the employer would not be negligence. Any other holding would render an employer an insurer of the safety of his employees directed by him to work in a dangerous place, irrespective of whether such danger inhered in the work in which such employee was engaged.

By taking from a nonsubscriber the defense of assumed risk, the Workmen's Compensation Act does not relieve the employee from his obligation to plead and prove negligence on the part of the employer. In construing this act, the Commission of Appeals in the case of West Lumber Co. v. Smith, 292 S. W. 1103, held that, while the employer could not defend on the ground that his employee had assumed the risk, yet since the duty rests upon an employee to prove negligence on the part of his employer, no recovery can be had for injuries due to risks inherent in the employment. In that case, an employee was injured while cutting down a tree in obedience to an order given him by the employer, and it was held that whether the employer's act in ordering him to cut the tree was, under all the facts, negligence and the proximate cause of the injury was a question of fact for the jury.

In the instant case, it was for the jury, and the jury alone, to determine whether, under all the facts and circumstances, appellants were guilty of negligence in ordering the appellee to work at the particular place where he was injured. In determining that issue, the jury was given an erroneous instruction as to the degree of care required by law of employers. The charge of the court failed to furnish any standard by which to measure the conduct of appellants, and we are unable to say that injury did not result therefrom.

Other questions are presented in the briefs, but will doubtless not arise upon another trial.

For the reasons assigned, the judgment of the trial court will be reversed and the cause remanded.