## McDANIEL et ux. v. ORR.
### Motion No. 9196; No. 1192—5534.

Commission of Appeals of Texas, Section B.
Dec. 20, 1930.

For former opinion, see 30 S.W.(2d) 489. For opinion of the Court of Civil Appeals, see 30 S.W.(2d) 487. See, also, 5 S.W.(2d) 175.

Bledsoe & Crenshaw, of Lubbock, for plaintiffs in error.

Bean & Klett, of Lubbock, for defendant in error.

LEDDY, J.

In our original opinion [30 S.W.(2d) 489] we held that the Court of Civil Appeals erred in reversing and remanding the judgment of the trial court for the reason assigned in its opinion.

■ Defendant in error is correct in the insistence made in his motion for rehearing that, under the rule announced by our Supreme Court in Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185, we should examine the record to determine whether any other assignment presented by him in the Court of Civil Appeals presented reversible error.

Defendant in error presents but one assignment in his motion for rehearing which he contends justified the reversal of the judgment of the trial court by the Court of Civil Appeals, even though that court was in error in reversing upon the ground assigned in its opinion. The assignment is that the trial court, in sustaining an objection made by plaintiff in error to an argument of defendant in error's counsel to the jury, made an erroneous and prejudicial comment to the jury which was upon the weight of the evidence. A careful consideration of the record convinces us that this assignment presented reversible error for which the cause should have been reversed by the Court of Civil Appeals.

■■ It appears that plaintiff in error, testifying in his own behalf, was the only witness who gave testimony showing the transaction of which he complained was usurious. Defendant in error also was a witness in his own behalf, and, with one other witness, testified to facts showing the transaction in question was not usurious. In this state of the evidence defendant in error's counsel, according to the qualification made by the court to the bill of exception raising the question, made the following argument: "Now, gentlemen, the Court has charged you that the plaintiff must make out his case by a preponderance of the evidence; that the burden of proof is upon him to make out his case by a preponderance of the testimony. That means this: Suppose Mr. McDaniel had been the only witness testifying in this case and he had testified that this $250.00 was paid as interest and we had not put any testimony on, then you would have been bound to say 'Mr. McDaniel you have discharged the burden of proof and you are entitled to a verdict.' Now suppose, Mr. McDaniel on the witness stand had testified that this was interest, and then Mr. Orr had come along and testified that this was not interest. There the testimony would have been evenly balanced, one witness against one witness and you would have been bound to say 'Mr. McDaniel you haven't discharged the burden of proof, here is one witness against one witness.' But we weren't satisfied with that; we put on Mr. Orr and Mr. Pember and both of them testified that this was not interest. Now, there is one witness testifying that it was interest and two witnesses testifying that it was not interest and you are bound to say 'Mr. McDaniel you have only one witness testifying to his ver-

sion, and therefore, you haven't discharged the burden of proof as set out in the Court's Charge.'"

Whereupon Mr. Crenshaw, counsel for plaintiff in error, made an objection thereto as follows: "We object to that argument as improper and not a correct statement of the law. It is immaterial about the number of witnesses which each side puts on the stand; the jury must decide the matter from the greater weight of the credible testimony."

The court, in the presence and hearing of the jury, then made this statement: "The law as I understand it is as stated by Mr. Crenshaw. It is the greater weight of testimony. I will sustain the objection."

The statement of the court under the circumstances was in effect an instruction to the jury that it was immaterial that two witnesses had supported defendant in error's theory while plaintiff in error's theory was supported by the testimony of only one. This was clearly an erroneous statement of the law, a comment upon the weight of the evidence, and reasonably calculated to prejudice defendant in error's case before the jury.

In determining whether a party to a suit has met the burden of proof by establishing a given fact by a preponderance of the evidence, the number of witnesses testifying upon one side or the other, while not controlling, is a material circumstance which should properly be given due consideration by the jury. For the court to instruct the jury that the number of witnesses testifying upon a proposition is immaterial was an incorrect statement of the law which would have clearly been erroneous if embodied in the court's charge as a part of the law of the case.

In a number of cases it has been held erroneous even for the court to instruct the jury that by the term "preponderance of the evidence" is not necessarily meant the greater number of witnesses. St. Louis S. W. R. Co. of Texas v. Smith (Tex. Civ. App.) 63 S. W. 1064, 1065; Dallas Cotton Mills v. Ashley (Tex. Civ. App.) 63 S. W. 160; Texas & N. O. R. Co. v. Harrington, 44 Tex. Civ. App. 386, 98 S. W. 653, 656; Wells Fargo & Co. v. Gentry (Tex. Civ. App.) 154 S. W. 363.

In this case the court went further than is shown in the cases above cited, as here the positive conclusion expressed by the trial court in the presence and hearing of the jury was that, in determining whether the burden of establishing a fact by a preponderance of the evidence had been discharged, it was wholly immaterial as to the number of witnesses testifying when in truth and in fact the number of witnesses to a given point is a material one which a jury is entitled to give great weight, if it sees fit to do so.

We adhere to the correctness of our conclusion on the question discussed in the orig-

inal opinion, but, for the reason above indicated, the motion for rehearing is granted, our former judgment set aside, and the judgment of the Court of Civil Appeals is affirmed.

CURETON, C. J.

Previous judgment set aside, and judgment entered affirming the judgment of the Court of Civil Appeals, as recommended by the Commission of Appeals.