TEXAS EMPLOYERS' INS. ASS'N v.
RAY et al.
No. 12898.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 21, 1933.

Rehearing Granted Jan. 13, 1934.

Rehearing Denied Feb. 3, 1934.

Todd & Crowley and T. D. Starnes, Jr., all of Fort Worth, for appellant.

McLean, Scott & Sayers and Glover Johnson, all of Fort Worth, for appellees.

DUNKLIN, Justice.

T. R. Ray was an employee of the North Texas Iron & Steel Company in the capacity of an iron and steel worker, and while in the discharge of his duties in the city of Fort Worth, a steel truss weighing about 1,-600 pounds fell on his left foot and crushed it. His employer carried insurance against such accidents with the Texas Employers' Insurance Association under and by virtue of the Workmen's Compensation Law (Vernon's Ann. Civ. St. arts. 8306–8309). A claim for compensation was heard and determined by the Industrial Accident Board of the state and Ray was there awarded compensation, from which decision the insurance association instituted proceedings in the district court to set aside said award and it has prosecuted an appeal from an adverse judgment there rendered.

By that judgment it was decreed that Ray sustained total and permanent injuries as a result of that accident and was entitled to recover from the insurance association the sum of $20 a week for 401 weeks, aggregating $8,020, against which the insurer was entitled to a credit of $560 paid to Ray for 28 weeks prior to the date of the trial.

The judgment recites a further finding by the court that "a manifest hardship and injustice will result to the defendant, T. R. Ray, unless the Texas Employers' Insurance Association pay to said T. R. Ray the total amount of compensation due him in a lump sum," and judgment was rendered for the total sum of $6,614.16, recited to be the balance due after allowing a discount of $885.-84 for advanced payments by the insurance association covering loss of wages from and after the judgment.

In his instructions to the jury the trial court gave this definition:

"The term 'total incapacity' (or total disability), as used in this charge, does not imply any absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman, in such a way as to enable him to procure and retain employment, is regarded as being totally incapacitated, or totally disabled."

That definition was in strict accord with the announcement of Judge Critz of the Commission of Appeals in the case of Kemper v. Police & Firemen's Ins. Ass'n, 44 S.W.(2d) 978, and several other decisions therein cited with approval. The court also gave this further statutory definition, article 8309, section 1, subd. 5:

"The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such

diseases or infection as naturally result therefrom."

■■ Special issue No. 3 submitted to the jury reads:

"Was T. R. Ray totally incapacitated from performing the usual tasks of a workman by such injury, if any." To which the jury answered, "Yes."

One objection to that issue during the trial and presented here by an appropriate assignment of error is, that "it was not supported by pleadings nor the evidence; the undisputed evidence showing that T. R. Ray has not sustained total incapacity but has sustained nothing more than partial loss of the functions of his left foot and showing further that all of T. R. Ray's injuries are confined to the left foot."

In plaintiff's pleadings he alleged that the falling truss penetrated the instep and cut through his entire foot, leaving only a small amount of flesh intact; that he has suffered the entire loss of the use of his foot, and that the injury thereto has caused him excruciating pain and agony throughout his entire left leg, up to his hip joint and through his entire left side whenever he attempted to use his foot; that by reason of such suffering he is unable to use his left foot and leg in walking; and that he has sustained a nervous shock to his entire system which he was unable to control, by reason of all of which he alleged that he was totally and permanently disabled and incapacitated from doing any kind of work. He further alleged that he was uneducated and unable to earn money except by manual labor, requiring the use of all the members of his body, and that he was not skilled in any line of work other than that of a structural steel and iron worker. He prayed for judgment for the statutory allowance for total disability for a period of 401 weeks from the time of his injury and further prayed for a lump sum settlement so that he might invest a part of the funds in some business which he could supervise and the income of which would support himself and his family, consisting of a wife and seven children; and a part of which sum he could use for the purchase of a home and relieve his present necessity of paying rent. He further alleged that the denial of a lump sum settlement would result in a manifest hardship and injustice to him.

We believe those allegations are a sufficient basis for recovery of compensation for "total incapacity" within the provisions of article 8306, § 10, of the Workmen's Compensation Law, which is as follows:

"While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

And also for a lump sum settlement under the provision of article 8306, § 15, reading:

"In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board. This section shall be construed as excluding any other character of lump sum settlement except as herein specified. In special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board."

Appellant cites section 12 of article 8306 of the Workmen's Compensation Law, which reads in part as follows:

"For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent of the average weekly wages of such employee, but not less than $7.00 per week nor exceeding $20.00 per week, for the respective periods stated herein, to-wit: * * *

"For the loss of a foot, sixty per cent of the average weekly wages during one hundred and twenty-five weeks. * * *

"In all cases of permanent partial incapacity it shall be considered that the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member; but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases."

Appellant also cites several decisions in which compensation for loss of one member was limited to that provided in that statute, among which are the following: Petroleum Casualty Co. v. Seale (Tex. Com. App.)

13 S.W.(2d) 364; Texas Employers' Ins. Ass'n v. Lemons (Tex. Civ. App.) 33 S.W.(2d) 251; Texas Employers' Ins. Co. v. Martin (Tex. Civ. App.) 296 S. W. 639, and other cases referred to in the opinions in those cases.

Testimony of T. R. Ray was, in substance, that ever since his injury, which occurred some two and one-half years prior to the trial, he had been unable to walk for more than a few city blocks at a time, and then only on his heel, and after each effort he had to go to bed or sit down, on account of weakness, nervousness, and pain which extended all the way up his leg; and had been unable to do any kind of work requiring physical exertion. That testimony was corroborated by that of his wife and also to some extent by testimony of his physician. Other testimony introduced tended to sustain an award of a lump sum settlement.

In Standard Accident Insurance Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015, 1016, which was a suit to recover compensation under the Workmen's Compensation Law, the employee was awarded compensation for total incapacity under the statutes. The employee, who was a painter, had sustained a fracture of one arm. In that case the insurance company contended that the compensation should be confined to the loss of that member under section 12 of article 8306, above cited. We quote the following from the opinion of the Commission of Appeals in that case:

"If the injury does not extend beyond the member, the loss is definitely and arbitrarily fixed so as not to exceed the complete loss of that member under the statutory scheme of compensation. But we take the rule to be, if an injury to a specific member does not stop with the injury to or loss of that member, but for any reason continues as an injury affecting the body to such extent as to result in permanent or partial total disability, a recovery may be had therefor, even exceeding the statutory compensation for the complete loss of that member. In such a case, the injury is general and not confined to the specific member."

In Southern Surety Co. v. Lacoste (Tex. Civ. App.) 7 S.W.(2d) 197, 199, an employee was allowed compensation for total incapacity fixed by the statute resulting from an injury to his right arm. In answer to the contention that compensation should be restricted to the loss of the use of that arm, the Court of Civil Appeals had this to say:

"While the appellee has not lost his entire hand or arm, it has been so injured as to totally incapacitate him from work, such as he was doing or could only do. He has a condition of permanent disability, rendering him incapable of making a living. This is what the insurance was for, and therefore appellant is bound to respond for the full amount allowed by the statute."

A writ of error prosecuted from that decision was refused by the Supreme Court.

In Kemper v. Police & Firemen's Ins. Ass'n (Tex. Com. App.) 44 S.W.(2d) 978, 981, the question involved and discussed was whether or not the insured was totally disabled as the result of an injury covered by an insurance policy. In the opinion written by Judge Critz in that case it is said:

"We think further that it is impossible to lay down an iron-bound rule by which it can always be accurately determined from a given state of facts, whether a person has been totally disabled from the time of injury until the time of death within the meaning of this contract. We do hold, however, that as a general rule it can be said that a person is totally disabled from the time of injury until the time of death when during all such time his condition is such that common prudence, and the exercise of ordinary care, would require him to desist from the performance of his duties," citing numerous Texas decisions, most of which were under the Workmen's Compensation Law.

One of the cases cited with approval was by the Commission of Appeals in Texas Employers' Insurance Ass'n v. Brock, 36 S.W.(2d) 704, and in which the Commission of Appeals approved the following instruction given by the trial court on the issue of alleged total incapacity:

"In answering the foregoing issue you are charged that the term 'total incapacity,' as used in the Workmen's Compensation Act, does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual task of a workman in such a way as to enable him to procure and retain employment is regarded as total incapacity."

We quote the following from the syllabus in Lumbermen's Reciprocal Ass'n v. Anders, 292 S. W. 265, by the Court of Civil Appeals at Beaumont, and in which a writ of error was denied by the Supreme Court:

"Lumberman who was totally incapacitated for manual labor by broken leg held en-

titled to compensation for permanent total incapacity under Rev. St. 1925, art. 8306, § 10, and not limited to compensation for loss of foot under article 8306, § 12."

See, also, Security Union Casualty Co. v. Frederick (Tex. Civ. App.) 295 S. W. 301; Millers' Indemnity Underwriters v. Cahal (Tex. Civ. App.) 257 S. W. 957, and numerous other decisions cited by Judge Critz in Kemper v. Police & Firemen's Ins. Ass'n, supra. In some of those decisions, other decisions such as those relied on by appellant and cited above are distinguished from the latter cases on the facts.

■ At all events, we have reached the conclusion that the judgment allowing T. R. Ray recovery for compensation for permanent incapacity cannot be disturbed.

■ Special issue No. 10, submitted to the jury, reads as follows:

"Do you find and believe from a preponderance of the evidence introduced before you that T. R. Ray will suffer a manifest hardship unless such recovery, if any you find, is paid him in a lump sum."

Appellant objected to that issue as not in conformity with the provisions of the statute allowing a lump sum settlement. Section 15, art. 8306, provides for a lump sum settlement upon the finding that a denial of the same will not only result in manifest hardship, but also that a manifest injustice would otherwise result. We believe that hardship and injustice are not synonymous terms and that it would not necessarily follow that because the refusal of a lump sum settlement would be a hardship it would also be an injustice. It often happens that it is a hardship upon a debtor to be required to pay a debt, but no injustice is done him if he owes the debt and has no legal defense to its collection. Accordingly, the assignment of error complaining of that action of the trial court is sustained and the judgment is reversed without the necessity of discussing other assignments involving complaints of improper argument, remarks of the trial judge during the trial, and other questions which will not likely arise upon another trial.

Reversed and remanded.

## On Motion for Rehearing.

DUNKLIN, Chief Justice.

Without conceding his right to complain of the reversal of the judgment of the trial court for the reason stated in our opinion on original hearing, appellee now offers to waive his right to a lump sum settlement, and in lieu thereof moves for a final judgment of this court, reforming the judgment of the trial court so as to allow him compensation for a period of 401 weeks at $20 per week, by reason of his total incapacity to labor as found by the jury, less credits recited in the judgment. Texas Employers' Ins. Ass'n v. Moreno (Tex. Civ. App.) 260 S. W. 283, affirmed by the Supreme Court in 277 S. W. 84, is cited in support of that motion.

In reply to that motion, appellant contends that other assignments of error presented in its brief show grounds for reversal of the judgment, additional to the one sustained on original hearing, but not determined by us, and prays that the same be now considered; which will be done.

After a careful consideration of the record, a recital of which would unnecessarily prolong this opinion, we deem it sufficient to say that there is no merit in the assignments of error presenting the contentions that in one of the issues submitted, the court assumed as true a material contested issue of fact; that another issue had no proper basis in appellees' pleadings; that the finding of the jury on another material issue was not supported by sufficient evidence.

■ Another assignment to remarks made by the trial judge in connection with his action in sustaining an objection to a question propounded to a witness by counsel for appellant is without merit, since the record fails to show that appellant reserved a bill of exception to that remark.

■ We overrule another assignment to the action of the court in sustaining an objection to questions propounded to appellee on cross-examination seeking to show that he had money on hand during a part of the time for which he sought compensation, since the bill of exception to that ruling fails to show what appellant expected to prove and probably would have elicited from the witness but for that ruling.

■ By several assignments complaint is made of a statement of counsel for appellee in the opening argument to the jury, to the effect that appellee would be deemed totally incapacitated to work within the meaning of the Workmen's Compensation Law (Vernon's Ann. Civ. St. arts. 8306–8309), if, by reason of his injury, he was no longer able to follow the occupation in which he was employed, to wit, as an iron steel worker. No objection was made to those arguments at the time of trial; the first objection thereto being urged

in appellant's motion for new trial. It is well settled by the decisions in our higher courts that failure to object to improper argument, especially calculated to work injury to the opposing party at the time the argument is made, is not a waiver of right to complain of it later. But it is our conclusion that the arguments complained of here do not show reversible error, since no evidence is cited, and we have found none, tending to contradict testimony of appellee, which was corroborated by that of his wife and other witnesses, in substance, that by reason of the injury to his foot, which the jury found permanently disabled him, he could not walk or stand on it for a sufficient length of time to do any character of work, and that the only work to which he was accustomed was that of iron and steel worker, in which he was engaged at the time of his injury. Furthermore, the argument was not such that its possible harmful effect, if any, could not have been removed by its withdrawal, either by counsel who made it, or by the court, if objection had been made thereto at the time, and therefore appellant has waived its right to complain of it here. Robbins v. Wynne, 44 S.W.(2d) 946, opinion by Commission of Appeals, especially approved by the Supreme Court.

■ Appellant is in no position to complain of the absence of any finding by the jury on the requested issue as to whether or not plaintiff's injury only partially disabled him to work, in the absence of any exception to the court's instruction not to answer that issue if in answer to other issues they had already found that his injury wholly and permanently disabled him to work. Article 2185, Rev. Civ. St. 1925. Failure to find on other issues presents no reversible error for the same reason, and further because they became immaterial in view of findings shown in the verdict.

We adhere to the conclusions reached on original hearing that there was error in the judgment awarding a lump sum settlement; but in compliance with appellee's request therefor, our former order reversing the judgment of the trial court in its entirety and remanding the cause, is set aside; and, in lieu thereof, judgment is here rendered reforming the judgment of the trial court so as to allow plaintiff a recovery from defendant, appellant here, as of date October 6, 1932, the date of judgment in the trial court, for the sum of $1,550, with interest thereon from said date at the rate of 6 per cent. per annum, together with costs of suit in the trial court, for which he may have his execution; and further decreeing to plaintiff an award for total and permanent disability under the terms and provisions of the Workmen's Compensation Law of this state for 298 weekly installments of $20 each, beginning October 13, 1932, with interest thereon from their respective due dates at the rate of 6 per cent. per annum. And as so reformed the judgment of the trial court is affirmed. The costs of appeal are taxed against appellee.