### TRADERS & GENERAL INS. CO. v. BABB.
### No. 3208.

Court of Civil Appeals of Texas. El Paso.
May 23, 1935.

Rehearing Denied June 13, 1935.

Nelson Scurlock and Lightfoot & Robertson, all of Fort Worth, and Collins & Fairchild, of Lufkin, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

### HIGGINS, Justice.

This is a suit by appellee, Babb, to set aside an adverse ruling by the Industrial Accident Board upon a claim for compensation under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). While working as a laborer, in the course of his employment Babb was struck by an eight-inch iron pipe which knocked him down and seriously fractured his right leg below the knee. It was alleged that as a result of that fracture and other injuries sustained in the accident, plaintiff became infected with osteomyelitis, causing the total and permanent loss of the use of his right leg and foot, and that said injuries have so involved and affected his body generally that he was rendered physically disabled to perform any kind of work or labor and said disability and incapacity to work and labor is permanent.

Judgment was prayed for compensation in lump-sum settlement and in the alternative as for the permanent total loss of the use of his right leg or foot.

Judgment in Babb's favor was rendered awarding lump-sum settlement as for total and permanent incapacity.

In response to issues 1 and 2 it was found that plaintiff sustained an injury to his foot as the word "foot" was defined in the charge, and that such injury was sustained in the course of his employment.

Issues 3 to 7, inclusive, with instructions and answers returned, read:

"If you have answered Special Issues Nos. 1 and 2 'Yes' then answer this issue, but if you have answered either Special Issue No. 1 or No. 2 'No,' then you need not answer this issue.

"Special Issue No. 3: Do you find from a preponderance of the evidence that the injuries, if any, to plaintiff's right foot affect parts of his body other than his right leg? Answer 'Yes' or 'No.'

"Answer: Yes.

"If you have answered Special Issue No. 3 'Yes,' then answer this issue; but if you have answered Special Issue No. 3 'No,' then you need not answer this issue.

"Special Issue No. 4: Do you find from a preponderance of the evidence that said injuries, if any, to his right foot, together with the effects, if any, of said injuries, if any, on parts of his body other than his right leg, have caused plaintiff to suffer total incapacity to labor? Answer 'Yes' or 'No.'

"Answer: Yes.

"If you have answered Special, Issue No. 4 'Yes,' then answer this issue; but if you have answered said special issue 'No,' then you need not answer this issue.

"Special Issue No. 5: Do you find from a preponderance of the evidence that said total incapacity to work, if any, caused by the injuries to plaintiff's right foot, together with the effects, if any, of said injuries on parts of his body other than his right leg, is permanent? Answer 'Yes' or 'No.'

"Answer: Yes.

"If you have answered Special Issues Nos. 4 and 5 'Yes,' then you need not answer Special Issues Nos. 6, 7, 8, 9, 10 and 11; but if you have answered Special Issue No. 4 'Yes' and Special Issue No. 5 'No,' and in that event only, then you will answer this issue.

"Special Issue No. 6: For what period of time, if any, do you find from a preponderance of the evidence that said total incapacity, if any, to work has continued or will continue after November 12, 1932? Answer in number of weeks as you find the facts to be.

"Answer: ——— Weeks.

"If you have answered Special Issues Nos. 4 and 5, 'Yes,' then you need not answer this issue, but if you have answered said issues, or either of them, 'No' then you will answer this issue.

"Special Issue No. 7: Do you find from a preponderance of the evidence that said injuries to plaintiff's right foot, together

with their effects as an injury, if any, upon parts of his body other than his right leg, have caused or will cause plaintiff to suffer partial incapacity to labor? Answer 'Yes' or 'no.'

"Answer: ————.

### Opinion.

It is complained by appellant that the conditional submission of issue 7 deprived it of its right to an affirmative submission of its defense that plaintiff was only partially incapacitated.

In a number of cases arising under the Workmen's Compensation Act it has been held the defendant is entitled to an affirmative submission of its defensive issues that the plaintiff's incapacity is temporary or partial rather than permanent or total, though such issues are negatived by previous findings of permanent and total incapacity. Traders' & General Ins. Co. v. Forrest (Tex. Civ. App.) 78 S.W.(2d) 987; Texas Indemnity Ins. Co. v. Allison (Tex. Civ. App.) 75 S.W.(2d) 999; Texas Employers' Ins. Ass'n v. Kelly (Tex. Civ. App.) 71 S.W.(2d) 901; Indemnity Ins. Co. v. Boland (Tex. Civ. App.) 31 S.W. (2d) 518.

On the other hand, there are cases which support the view that since the finding of permanent total incapacity negatives the issues of temporary or partial incapacity the conditional submission of the latter issues is sufficient.

In this case we are of the opinion the authorities cited by appellant are inapplicable, for the reason to be now stated.

In the first place, the issue of partial incapacity was a part of the plaintiff's case in support of the alternative relief sought. This, however, is perhaps not controlling if partial incapacity was also a defensive issue relied upon by the defendant. See Speer's Law of Special Issues in Texas, § 191.

██ The defendant's general denial was sufficient to raise the issue.

██ In appellant's brief it is said: "There is considerable conflict in the testimony as to the effect of the injuries sustained by A. D. Babb. The plaintiff himself testified that his injuries were severe and had rendered him wholly unable to do any kind of work. This testimony, it must be admitted is corroborated by the medical testimony offered by the plaintiff. The testimony offered by the defendant was to the effect

that the injury sustained by the plaintiff was confined to his leg; that during the time plaintiff was being treated by the doctors at Gladwater and Dallas, he had made no complaint whatever of an injury to his back; and finally, that plaintiff's disability was from ten to twenty-five per cent. loss of the use of his right leg."

The evidence quoted in appellant's brief consists of the testimony of medical experts and is to the effect that plaintiff's injury is confined solely to the broken right leg and that it will cause only a loss of 10 to 25 per cent. in the use of that leg.

The undisputed evidence shows a serious fracture of plaintiff's right leg below the knee.

The plaintiff contended first that this injury to the specific member caused osteomyelitis, a disease of the bone, which so involved and affected his health and body generally as to totally and permanently incapacitate him, entitling him to compensation under the general provisions of the act; secondly and alternatively, that he had suffered the total permanent loss of the use of his right foot and was entitled to compensation as for injury to that specific member.

On the other hand, the evidence of the defendant as set out in its brief shows that the injury was confined to the specific member resulting in partial disability to such member only. In this situation we regard the primary defensive issue raised by defendant's evidence as being whether the injury was confined to the leg, and under the authorities relied upon by appellant it was entitled to an affirmative submission of that issue regardless of the answers which might be returned to issues 4 and 5. If such issue had been submitted and found in appellant's favor, then the issue of partial disability of such member became material and should have been affirmatively and unconditionally submitted.

In this connection we quote from the written objections of appellant to the court's charge:

"36. The defendant objects and excepts to the Court's main charge for his failure to submit, and defendant here and now requests the court to submit, in an affirmative manner from the defendant's standpoint, the issue raised by the pleadings and by the evidence as to whether or not the plaintiff's injury and the effects thereof, are confined to the right leg below the knee; and in connection therewith as to wheth-

er or not such injury and the effects thereof would in the future be confined to the plaintiff's right leg below the knee; and along therewith defendant respectfully requests the court to instruct the jury upon the burden of proof.

"37. The defendant objects and excepts to the court's main charge for his failure to submit, and defendant here and now requests the court to submit in an affirmative manner, from the defendant's standpoint, the issue raised by the pleadings and by the evidence, as to whether or not the plaintiff's injury and the effects thereof, have been and will in the future be confined to his right leg; and along therewith the defendant respectfully requests the court to give to the jury proper instruction correctly placing the burden of proof."

Appellant here presents no point upon the failure of the court to submit the requested issue of whether the plaintiff's injury was confined to the right leg below the knee.

Our conclusion is that the evidence relied upon by defendant as raising the issue of partial incapacity raises such issue as supplementary only to the issue of whether the injury was confined to the specific member. Such issue of partial incapacity was not material unless there was also a finding that the injury was confined to the leg. As we view the evidence it does not raise the issue of partial incapacity if the injury was general in effect as the plaintiff contended. The evidence of partial incapacity as testified to by appellant's medical experts is based entirely upon their assumption that the injury was confined to the leg, and appellant does not complain of the failure of the court to submit an issue as to its being so confined.

No direct authority upon the question here presented is called to our attention but as being somewhat in support of our view, see Casualty, etc., Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143, 148, where Justice Ryan said: "Those were issues covering specific injuries unnecessary to a disposition of the case in view of the jury's findings of a permanent total disability, which was the real issue made by the pleadings."

For the reasons stated appellant's propositions 1 and 2 are overruled.

 Issue 23, relating to lump-sum settlement, was preceded by this instruction: "If you have answered Issues 4 and 5 'yes,' then answer No. 23; but if either 'no,' then do not answer No. 23."

Of this instruction it is complained that it was error in that it served to inform the jury as to the effect of their answers to special issues 4 and 5; i. e., that the verdict must be for total and permanent incapacity before the plaintiff would be allowed to obtain his money in a lump sum.

We regard this objection as hypercritical and overrule same.

Affirmed.