## NATIONAL INDEMNITY UNDERWRITERS OF AMERICA v. ROCAMONTES.

### No. 10299.

Court of Civil Appeals of Texas. San Antonio.

Nov. 3, 1937.

Rehearing Denied Dec. 1, 1937.

Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for plaintiff in error.

Schlesinger, Schlesinger & Goodstein and Chas. J. Lieck, all of San Antonio, for defendant in error.

SMITH, Chief Justice.

Manuel Rocamontes, as an employee, recovered judgment against National Indemnity Underwriters of America, the insurance carrier, under the Workmen's Com-

pensation Act, and the insurance carrier has brought writ of error. The parties will be referred to herein as plaintiff and defendant, respectively.

Plaintiff was a truck driver for a lumber company engaged in hauling lumber from an East Texas mill to the company's yard in the city of San Antonio. He made an average of at least three trips a week in this employment, for which he was paid $6 a trip, or $18 per week. He had been so employed for a period of more than three years, except for a period of three months during the year next preceding his injury, and was one of several drivers so employed by the lumber company upon the same terms. He recovered compensation in this case upon the basis of an average weekly wage of $18. It is conceded that he was injured in the course of his employment. He filed a claim, as for permanent total disability, with the Industrial Accident Board in due course, was duly awarded compensation by the board for total incapacity for 100 weeks, and 50 per cent. incapacity for the remainder of 400 weeks; the award being in excess of $1,000. Both parties appealed from the award to the district court, and the two causes being consolidated the employee filed his cross-action therein, whereby the issue was duly joined.

■ It is first contended by defendant that the claim filed by plaintiff with the Industrial Accident Board did not affirmatively show the amount thereof was within the jurisdiction of the district court, and sought, by reason of that contention below, to dismiss plaintiff's suit and cross-action, on the ground that the trial court was without jurisdiction of plaintiff's cause of action. We overrule the contention, presented in defendant's propositions 1 and 2. The amended claim filed by plaintiff was for compensation for permanent total disability, which, if established, would entitle the claimant to compensation in an amount within the jurisdiction of the district court, and such award was made by the board.

■ The jury found, upon sufficient evidence, that, during the previous year, others, employed in the same class of work as that in which plaintiff was engaged, earned an average wage of $3.09 per day, or more than $18 per week, thus bringing the method of award under first subdivision 2, § 1, art. 8309, R.S. 1925, the Compensation Act. The court rendered judgment for a less amount, that is, $18 per week. Defendant complains of this award, contending that under the evidence the compensation should have been computed under subdivision 5 of section 1, which provides that average earnings should be ascertained by dividing total annual earnings by 52 (weeks). We overrule this contention, set up in various ways under defendant's propositions 3, 4, 5, 6, 7, and 8. The jury's finding is not attacked by defendant through specific assignment of error, and is therefore binding upon this court. But, even so, defendant's propositions present no reversible error, for the simple reason, if no other, that under all the evidence, undisputed, plaintiff was entitled, under whatever classification, to as much, at the least, as that awarded to him, and it does not matter if the computation was made under a technically erroneous classification. Plaintiff was entitled to at least the amount awarded him, whether arrived at under first subdivisions 1, 2, 3, or subdivision 5, and defendant cannot complain of the technical error, if any, since he does not and cannot under the record contend that the award was excessive. Fidelity Union Cas. Co. v. Carey (Tex.Civ.App.) 38 S.W.2d 169; Id. (Tex. Com.App.) 55 S.W.2d 795; Banker's Lloyds v. Chamness (Tex.Civ.App.) 31 S.W.2d 1108.

■ After submitting the usual issue of injury in the course of employment and of permanent total incapacity, the trial judge submitted the issue of partial incapacity, in its final form, as follows:

"(7) Do you find from a preponderance of the evidence that such incapacity, if any, is not partial?

"Answer the foregoing question by stating: 'It is not partial,' or 'It is partial,' as you find the facts to be."

The jury answered the issue, "It is not partial."

Defendant objected to the issue, as submitted, upon several grounds, but the only objection brought forward in the appeal by defendant is that the issue, as so submitted, erroneously placed the burden upon defendant "to prove from a preponderance of the evidence that the incapacity of the plaintiff was partial."

We are of the opinion that defendant's criticism of the form of the issue is hypercritical. Plaintiff was relying upon permanent total incapacity, which was

proved by evidence and established by jury findings. He did not request any submission of the issue of partial incapacity, thereby waiving any benefit he could have received from a finding thereon, as an alternative of permanent total incapacity. But the trial judge submitted that issue, nevertheless, and by its negative form placed the burden upon plaintiff to elicit a finding of no partial incapacity. If either party could complain of this submission, it was plaintiff, and not defendant.

The judgment is affirmed.