## TRADERS & GENERAL INS. CO. v. GARRY.

### No. 3306.

Court of Civil Appeals of Texas. Beaumont.

June 9, 1938.

Rehearing Denied June 22, 1938.

Barnes & Barnes, of Beaumont, and Lightfoot, Robertson, Saunders & Gano, of Fort Worth, for appellant.

Shivers & Keith, of Port Arthur, for appellee.

WALKER, Chief Justice.

This is a compensation case, filed in the district court of Jefferson County as an appeal from an adverse award of the Industrial Accident Board by appellee, Roy Garry, against appellant, Traders & General Insurance Company, praying for judgment in a lump sum for permanent, total disability. On the verdict of the jury finding that appellee, in the course of his employment with Mose Sampson, suffered

a permanent, total disability, and the other essential facts, he was awarded judgment for the sum of $2,501.56, to be paid in a lump sum. From that judgment appellant has duly perfected his appeal to this court.

█ On the undisputed facts, appellee at the time of his injury was in the employment of Mose Sampson, and appellant was Sampson's compensation insurance carrier. He brought this suit against appellant as Sampson's compensation insurance carrier, alleging that he was injured while in the course of his employment with Sampson. In his report of injury to the Industrial Accident Board he made the statement that he was an employee of Sampson Iron & Supply Company, and that Great American Indemnity Company was the compensation insurance carrier. Appellant advances the proposition that the claim in controversy in this suit was never adjudicated by the Industrial Accident Board, and, therefore, that the district court was without jurisdiction of appellee's cause of action. Appellant invokes a sound legal proposition; one cannot claim compensation and obtain an award as the employee of one person, and then sue in court as the employee of another. 45 Tex.Jur. 782; Griffith v. Associated Employers' Reciprocal, Tex.Civ.App., 10 S.W. 2d 129; White v. United States Fidelity & Guaranty Co., Tex.Civ.App., 45 S.W. 2d 756. But the facts do not support appellant's proposition of law. True, in his report of injury appellee named Sampson Iron & Supply Company as his employer and Great American Indemnity Company as the compensation insurance carrier, but when the report was filed, the Industrial Accident Board entered his claim on its docket, "Roy Garry, Employee, v. Mose Sampson, Employer"; and after giving appellant due notice of appellee's claim, on the 9th day of March, 1936, entered its award in his favor against appellant for total incapacity in the sum of $258.49, and for partial incapacity for 300 weeks at $4.97 per week. Before appellee filed his claim with the Industrial Accident Board appellant recognized its liability to him by paying him about 8 weeks' compensation. It is our conclusion that the Industrial Accident Board had before it all parties interested in the award, and made its final award as between the necessary parties— appellant as the compensation insurance carrier, appellee as the employee, and

Mose Sampson as the employer. On the undisputed facts, the district court had jurisdiction of appellee's appeal from the final award of the Industrial Accident Board.

█ Appellee offered in evidence his "First Report of Injury" and it was received over appellant's objection that its introduction was inhibited by Sec. 5 of Art. 8309, Vernon's Ann.Civ.St.:

"The reports of accidents required by this law to be made by subscribers shall not be deemed as admissions and evidence against the association or the subscriber in any proceedings before the board or elsewhere in a contested case where the facts set out therein or in any one of them is sought to be contradicted by the association or subscriber."

This report reflected the following facts: Sampson Iron & Supply Company of 999 Crockett Street, Beaumont, Texas, as the employer, engaged in "scrap iron and pipe"; Great American Indemnity Company as the compensation insurance carrier; date of injury Thursday, 3:30 p. m., September 29, 1936; date of disability, Thursday, 3:30 p. m., September 29, 1936; appellee and his foreman knew of the accident "at the time it happened"; appellee had been employed 2 weeks at 30 cents per hour, 9 hours per day, wages $2.70 per day, worked 6 days per week; cause of injury "crane broke and threw man off of balance"; nature of injury, "bruises and cuts around head and face and left leg"; "don't know" probable length of disability and, at the time of making the report, appellee had not returned to work. It was conceded—shown by the undisputed evidence—that the Sampson Iron & Supply Company was not the employer, and that Great American Indemnity Company was not the compensation insurance carrier. It was further shown that the mistake in naming the employer and compensation insurance carrier was corrected by the Industrial Accident Board before making its award, and that appellant recognized its liability to appellee by paying to him certain installments of compensation. As to all the other facts recited in the report, there was no controversy; they were established by the undisputed testimony. The error, if any, in receiving the First Report of Injury in evidence was harmless. In the cases cited by appellant in support of its proposition, the facts "set out" in the report were controverted by the compensation insurance carrier. Traders & General Ins.

Co. v. Rudd, Tex.Civ.App., 102 S.W.2d 457; Liberty Mutual Ins. Co. v. Boggs, Tex.Civ. App., 66 S.W.2d 787; Employers' Casualty Co. v. Watson, Tex.Civ.App., 32 S.W.2d 927; 3 Tex.Jur. 1257.

■ While Dr. Long was giving his testimony as a witness for appellant, the following proceedings were had:

"Q. And he had been under your daily care, had he or not, since the injury? A. Well, not daily. * * *

"Q. You not only examined him but you were treating him, were you not? A. Yes, sir.

"Q. From all your treatment and all your examinations and observations you have described of this man, what in your opinion is the incapacity he is suffering now because of and by virtue of that injury he received? A. At the present time I don't see anything in the way of suffering.

"Q. When did that incapacity terminate in your judgment, that he did have? · A. About January 7, 1937.

"The Court: That's your opinion? A. Yes, sir.

"The Court: You are not stating these as facts, but it is your opinion? A. My opinion only, yes, sir.

"Mr. Barnes: That's all we were asking for Your Honor. A. However, it was the man's opinion, too, Judge on the 7th of January.

"The Court: I just wanted to know.

"Mr. Barnes: We want to reserve a bill of exception to the remarks of the court.

"The Court: You can have your exceptions.

"Q. I'll ask you then since the court has asked that question if since January 6, 1937, there has been any evidences of incapacity found by you on this man? A. No, sir."

In the absence of a jury appellant moved for a mistrial on the ground that the remarks of the court to Dr. Long were:

"Very prejudicial to the rights of this defendant, and the defendant alleges were highly inflammatory and prejudiced the jury against the rights of this defendant. * * * That remarks and inquiries were of such nature as to in the state of the record be so prejudicial and so inflammatory as to no doubt cause a miscarriage of justice in the case and are of such nature as not to be able to be removed by mere instructions on the part of the court."

The court did not err in refusing to grant appellant a mistrial. His question to Dr. Long and his reply to appellant's counsel were not "prejudicial" to appellant's rights nor were they "highly inflammatory". The remark to the witness was a request for an explanation—was the witness testifying to "facts" or to his "opinion". Under no construction was this remark a comment upon the nature or weight of Dr. Long's testimony, nor of his credibility as a witness. This construction of the court's remarks clearly distinguishes this case from Southland Greyhound Lines v. Matthews, Tex. Civ.App., 74 S.W.2d 713; Texas & Louisiana Lumber Co. v. Rose, Tex.Civ.App., 103 S.W. 444; McDaniel v. Orr, Tex.Com.App., 33 S.W.2d 427; Texas Employers' Ins. Ass'n v. Adcock, Tex.Civ.App., 27 S.W.2d 363; S. Lightburne & Co. v. First Nat. Bank, Tex.Civ.App., 232 S.W. 343; St. Louis, B. & M. Ry. Co. v. Green, Tex.Civ. App., 183 S.W. 829.

■ Though duly requested by appellant, the court refused to submit the following issue:

"Do you find from a preponderance of the evidence that plaintiff's incapacity, if any you have found, is not due solely to disease?"

It requires no citation of authorities to support appellant's legal proposition that all issues raised by the pleadings and evidence should be submitted when duly requested; but only the issues raised by the pleadings and evidence should be submitted. The evidence did not raise the issue that appellee's disability was due "solely to disease", but on the contrary the evidence, without dispute, was to the effect that the disability, if any, resulted entirely from the injuries received by him in the course of his employment with Mose Sampson. The court did not err in refusing to submit the issue. Scott v. Waldrop & Co., Tex.Civ.App., 8 S. W.2d 552; Long v. McCoy, Tex.Civ.App., 294 S.W. 633, affirmed Tex.Com.App., 15 S.W.2d 234; International-G. N. Ry. Co. v. Hailey, Tex.Civ.App., 9 S.W.2d 182; Houston Textile Mills v. Montgomery, Tex.Civ. App., 83 S.W.2d 754; Texas Indemnity Ins. Co. v. White, Tex.Civ.App., 37 S.W.2d 277; City of Houston v. Scanlan, 120 Tex. 264, 37 S.W.2d 718.

■ Under the evidence, appellee was injured on the 30th day of September, 1936. The issue of "total, permanent incapacity" was submitted to the jury by questions 8

and 9. Appellant excepted to this issue on the ground that the court did not inquire of the jury the date of the beginning of the total incapacity. There was no controversy on that issue. Immediately following his injury, for 8 or 10 weeks, appellee was under medical treatment. If appellee suffered a permanent, total disability—and that issue was resolved in his favor by the jury—it began with his injury.

■ The following issue was not "duplicitous" nor was it a "general charge":

"Do you find from a preponderance of the evidence that payment of compensation to Roy Garry by Traders & General Insurance Company in weekly installments, instead of a lump sum, will result in manifest hardship and injustice to the said Roy Garry?"

In 45 Tex.Jur. 649, it is said:

"In submitting the issue the court may in one question ask the jury whether manifest hardship and injustice will result if the compensation is not paid in a lump sum, such issue not being duplicitous."

Southern Motor Lines v. Creamer, Tex. Civ.App., 113 S.W.2d 624; Southern Underwriters v. Shipman, Tex.Civ.App., 97 S.W.2d 370; Texas Employers' Ins. Ass'n v. Burnett, Tex.Civ.App., 77 S.W.2d 742; Id., Tex.Com.App., 105 S.W.2d 200; Traders & General Ins. Co. v. Blancett, Tex. Civ.App., 96 S.W.2d 420.

The court did not err in refusing to submit to the jury the identity or name of appellee's employer. There was no controversy on that point. Under all the evidence Mose Sampson was the employer, and appellant was the compensation insurance carrier.

■ On the record before us the following issue was not error:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that Roy Garry, on September 30, 1936, sustained an injury as alleged in his petition?"

It is the better practice in submitting issues to make no reference to the pleadings; and, generally, it is error to refer to the pleadings where issues plead do not find support in the testimony. 41 Tex.Jur. 1098; Texas Employers' Ins. Ass'n v. Burnett, Tex.Civ.App., 72 S.W.2d 952; Standard Accident Ins. Co. v. Cherry, Tex.Civ.App., 36 S.W.2d 807; Hewitt v. Buchanan, Tex. Civ.App., 4 S.W.2d 169. But every reference to the pleadings is not improper; the burden rests upon the complaining party to show that issues were plead that had no support in the evidence. Appellant fails to show that any issue in the pleadings referred to by issue No. 1 was without support in the evidence.

■ Appellant excepted to the following issues on the ground that they improperly placed upon it the burden of proof:

"Special Issue No. 13.

"Do you find from a preponderance of the evidence that Roy Garry has not now completely recovered from the injuries, if any, received by him?

"Answer: 'He has not now recovered' or 'He has now recovered'."

"Special Issue No. 14.

"Do you find from a preponderance of the evidence that the injury, if any, to Roy Garry, did not result in partial incapacity?

"Answer: 'It resulted in partial incapacity' or 'It did not result in partial incapacity'."

We give appellant's proposition as it relates to question No. 13; the same proposition is advanced against issue No. 14:

"Now, with reference to issue No. 13, the suggested answer, 'He has not now recovered' is the affirmative answer which the plaintiff must support by a preponderance of the evidence. What we are trying to say is that the jury should have been instructed that they would give that affirmative answer only if it was supported by a preponderance of the evidence, that the other or negative answer should have been given as the jury's answer if the former answer was not supported by a preponderance of the evidence, or if neither of the suggested answers was supported by a preponderance of the evidence. The jury was not told and the court did not indicate to the jury that appellant would have been entitled to the negative answer if the evidence did not preponderate in favor of either side or in favor of the affirmative answer."

On authority of National Indemnity Underwriters of America v. Rocamontes, Tex Civ.App., 110 S.W.2d 228, we overrule appellant's proposition. On submission, in his oral argument appellant's counsel frankly stated that the authorities do not support the contention.

■ Appellant also excepted to issue No. 11 on the ground that it improperly

placed upon it the burden of proof. Issue No. 11 reads:

. "Do you find from a preponderance of the evidence that said incapacity for labor, if any you have found, that Roy Garry suffered on account of the injuries, if any, received by him on September 30, 1936, was temporary?

"Answer 'Yes' or 'No'."

Appellant's proposition is that this issue placed upon it the burden of proof "to establish from the preponderance of the evidence that the incapacity, if any, was temporary," and in connection with its exception appellant requested the court to submit the following issue:

"Do you find from a preponderance of the evidence that the injury to plaintiff, if any, was not temporary?"

Issue No. 11 was subject to appellant's exception, and the court should have given this requested issue. 45 Tex.Jur. 580; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658; Washington Nat. Ins. Co. v. Chavez, Tex.Civ.App., 106 S.W.2d 751. But the error was harmless, on the record before us, for the reason that it affirmatively appears beyond a reasonable doubt that the jury's answer to the requested issue would have been that appellee's injury was not temporary, and that, had the charge properly placed the burden of proof in relation to question No. 11 on appellee, still the jury would have found that appellee's "injury" was not temporary. Answering questions 8 and 9, the jury found that appellee had suffered a permanent, total disability. The court submitted to the jury question No. 13: "Do you find from a preponderance of the evidence that Roy Garry has not now completely recovered from the injuries, if any, received by him?" to which the jury answered, "He has not now recovered". The following issue was submitted to the jury:

"Do you find from a preponderance of the evidence that the injury, if any, to Roy Garry, was not only temporary?

"Answer: 'It was only temporary' or 'It was not only temporary'," to which the jury answered "It was not only temporary".

It thus appears, from questions properly submitting the burden of proof, that the jury found that appellee's incapacity was not temporary.

The judgment of the lower court is in all things affirmed.