### TRADERS & GENERAL INS. CO. v. PORTER.

#### No. 10474.

Court of Civil Appeals of Texas. San Antonio.

Nov. 2, 1938.

Rehearing Denied Feb. 15, 1939.

Abney & Whitelaw, of Brownsville, and Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

H. K. Stanfield, of Corpus Christi, and Chas. J. Lieck, of San Antonio, for appellee.

SMITH, Chief Justice.

This proceeding was brought under the Workmen's Compensation Act by H. L. Porter against Traders & General Insurance Company, for compensation for loss of capacity alleged to have been sustained by him on February 26, 1935, in Starr County, as a result of injury received while in the course of his employment as a "rough neck" by G. B. Bryant and R. H. Wise, oil operators.

Porter was awarded compensation by the Industrial Accident Board at the rate of $20 per week, for total incapacity, for a period of 150 weeks. On Porter's appeal to the district court, upon jury findings of permanent total incapacity, and average daily earning capacity of $6.40, he was awarded a lump sum of $4,810.78, and the Insurance Company has appealed.

In his original petition filed in the district court on January 5, 1938, appellee alleged that "at the time of said accident and within thirty days thereafter * * * defendant had actual notice of the injuries and that the plaintiff within due time, manner and form presented and filed his claim for compensation for the herein described injuries to the Industrial Accident Board of Texas. Plaintiff alleges that said claim filed with the board was one within the jurisdiction of the court." And appellee further alleged: "Plaintiff says that after said accident herein set out he made claim for compensation and filed his claim with the Industrial Accident Board of Texas in due time, manner and form for the herein described injuries, and that thereafter and with due notice to all parties said claim was set down for hearing, and on or about the 7th day of December, 1937, the said Industrial Accident Board rendered its final ruling, decision and award on the claim of the plaintiff; * * * that within twenty days after the rendition of said final ruling, decision and award of said board the plaintiff filed with said board notice that ·

he would not abide by the ruling and decision of said board, and thereafter on the date of the filing of this suit (January 5, 1938) in this court brought suit in Starr County, Texas, the place where the injury to the plaintiff occurred, to set aside said final ruling, decision and award of said Industrial Accident Board."

Appellant filed no other pleading in the suit than his original answer, containing only the general demurrer and general denial.

■ Appellant now contends, in its first and second propositions, that the record shows that appellee did not timely file his claim with the Industrial Accident Board, nor his notice of appeal from the award of that Board, nor his appeal therefrom in the District Court, within the times prescribed by statute as jurisdictional prerequisites to the prosecution of the proceeding in the courts. It is not deemed necessary to go into the matter of the effect or sufficiency of the evidence in the record, in view of the provisions of Art. 8307b as it appears in 1938 Supp.Vernon's Civ.Stat. (Acts 1937, 45th Leg., pp. 535, 536, Ch. 261, § 2), as follows:

"In the trial of any case appealed to the court from the board the following, if plead, shall be presumed to be true as plead and have been done and filed in legal time and manner, unless denied by verified pleadings:

"(1) Notice of injury.

"(2) Claim for compensation.

"(3) Award of the board.

"(4) Notice of intent not to abide by the award of the board.

"(5) Filing of suit to set aside the award.

"Such denial may be made in original or amended pleadings; but if in amended pleadings such must be filed not less than seven days before the case proceeds to trial. In case of such denial the thing so denied shall not be presumed to be true, and if essential to the case of the party alleging them must be proved."

We hold that the allegations of the stated jurisdictional prerequisites, in appellee's petition, were sufficient, in the absence of special exceptions, and appellant effectually admitted the truth of them by failing to deny them by verified pleadings, as required in the quoted statute. We overrule appellant's first and second propositions, and, for like reason, its third proposition.

■ We overrule appellant's fourth proposition, in which it questions the trial court's definition of total incapacity, as follows: "By the term 'total incapacity' as used in this charge does not mean an absolute inability to do any kind of work, but means one must be so disabled that he cannot perform the usual tasks of a workman, to the extent that he can obtain and retain employment."

We think the definition is sufficient, and substantially correct, so that no jury could reasonably be confused or misled by its language. Texas Employers' Ins. Ass'n v. Brock, Tex.Com.App., 36 S.W.2d 704; Bankers' Lloyds v. Seymour, Tex.Civ.App., 49 S.W.2d 508; Texas Employers' Ins. Ass'n v. Ray, Tex.Civ.App., 68 S.W.2d 290. The record shows that the accident involved resulted in appellee's right hand being literally torn from his arm, severing it just above the wrist, the effect reaching through muscles of the arm back into the victim's body. Appellant argues that from these facts the jury could well have found that appellee's incapacity was partial only, as defined in § 11, Art. 8306, or specific, only, as provided in § 12 of that Article, and that the quoted definition of total disability was misleading and confused the jury, who were called upon elsewhere in the charge to find upon the issues of partial and specific injury. We conclude, in view of the findings of the jury upon the several issues, that appellant's criticisms of the definition of total incapacity are without merit.

■ In its fifth proposition appellant seems to make the complaint that appellee was awarded compensation as for permanent total incapacity, notwithstanding the elements of the loss of the use of his right arm, or right hand. This complaint does not appear to have been made by appellant in the trial court, and is therefore not available to it on appeal. Nevertheless, we will consider it, briefly. The gist of the complaint appears to be that appellee could not recover as for permanent total incapacity in the face of a finding that he suffered the loss of the use of his right arm; that the two findings are in irreconcilable conflict. It is true that after finding appellee's disability was total and permanent, and was neither partial nor temporary, the jury found that he sustained the loss of the use of his right arm. It was undisputed, of course, that he lost the use of his right hand, and that issue was properly withheld from the jury. But there was no finding

that appellee's incapacity was confined to the loss of those uses, or either of them, and appellant says that in the face of this omission appellee could not recover as for permanent total incapacity. We overrule the contention. In the first place appellant did not question the latter finding, or the sufficiency of the evidence to support it, and in that attitude it cannot complain of the omission of a finding that appellee's incapacity was confined solely to the loss of the use of his arm, in the absence of its request therefor.

It was the privilege of appellee to rest his right to recover, in his pleadings and evidence, upon his claim of permanent total incapacity occasioned by general injury, and forego any claim for partial or temporary or specific injury and incapacity, and in the exercise of that option he could allege, prove and elicit findings upon permanent total incapacity, and leave the lesser causes, as for temporary, partial or specific injury and incapacity, to the insurance carrier to develop into findings as defensive issues, if it would avail itself of them. If the carrier in such case shirks the burden, it cannot complain. Under that, as well as other theories, such as the failure to raise the question below, or to complain of the principal findings, or the forms of the issues thereon, we overrule appellant's fifth proposition, as well as the sixth, for like reasons.

■ In its seventh proposition appellant complains of the trial judge's definition of the term "loss of the use" of appellee's right arm, to the effect that "By the term 'loss of the use' as used in this charge is meant that the member is so affected as to substantially and materially impair the use thereof, in the practicable performance of its functions in the pursuit of a laboring man." The objections are that the definition is "leading, suggestive, and is too narrow and too limited, in that it confines the use to that of laboring as a manual laborer." The matter is rendered immaterial by our conclusions upon appellant's fifth and sixth propositions, but, nevertheless the definition may be said to be substantially correct under the decisions. E. K. Local Ins. Co. v. Lilly, Tex. Civ.App., 1 S.W.2d 490; Texas Employers' Ins. Ass'n v. Olesky, Tex.Civ.App., 288 S. W. 244.

■ In its eighth and ninth propositions appellant complains of the form of the eighth and tenth special issues submitted to the jury, as follows:

"Do you find from a preponderance of the evidence that such total incapacity, if any, was not temporary? Answer by stating 'it was not temporary' or 'it was temporary.'

"Do you find from a preponderance of the evidence that plaintiff's incapacity, if any, is not partial incapacity? Answer the foregoing question by stating 'It is partial' or 'It is not partial.' "

Appellant's objections are, first, that there was "no pleading or evidence to support such issue," which is without merit; and, second, that it places the burden of proof upon appellant to establish that appellee's total incapacity was temporary, and his incapacity partial. We overrule the propositions. National Ind. Underwriters v. Rocamontes, Tex.Civ.App., 110 S.W.2d 228, dismissed for want of jurisdiction; Traders & General Ins. Co. v. Garry, Tex. Civ.App., 118 S.W.2d 340, writ granted on other grounds.

Appellant in its remaining propositions complains of the argument of appellee's counsel before the jury, not necessary to set out here. In view of the nature of the argument, the failure of appellant to timely object to it, and the trial judge's qualifications of the relevant bills of exceptions, the propositions do not, in our opinion, present reversible error.

The judgment is affirmed.

On Motion for Rehearing.

We adhere to the holding in the circumstances that reversible error is not presented in appellant's eighth and ninth propositions, in which complaint is made of the forms of submission of the issue of partial and temporary incapacity, and cite thereon, in addition to the cases cited in the original opinion: Speer's Special Issues, § 191; Wright v. Traders & General Ins. Co., Tex.Com.App., 123 S.W.2d 314; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Traders & General Ins. Co. v. Shanks, Tex.Civ.App., 83 S. W.2d 781, writ refused; Traders & General Ins. Co. v. Babb, Tex.Civ.App., 83 S.W. 2d 778; Southern Underwriters v. Stubblefield, Tex.Civ.App., 108 S.W.2d 557; National Ind. Underwriters v. Cherry, Tex. Civ.App., 110 S.W.2d 115.

Appellant's motion for rehearing will be overruled.